JOHN H. GOOCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33961.    Promulgated January 18, 1954.

---

482

John H. Gooch, pro se.
Elmer A. Lyon, Esq., for the respondent.

**OPINION.**

TURNER, *Judge:* Credits against net income, like deductions from gross income, are matters of legislative grace, and are allowable only where the conditions which have been prescribed by Congress have

been met and satisfied. In the case of dependents, which as defined by section 25 (b) of the statute[2] includes the mother of a taxpayer, the credit is available only if the taxpayer has supplied over one-half of the dependent's support and the gross income of the dependent was less than $500.

Congress has also specified what it means by gross income. In section 22 (a) of the Internal Revenue Code, gross income is defined as including, among other things, "gains, profits, and income * * * growing out of the ownership or use of or interest in" real property; "also from interest, rent, dividends * * * and income derived from any source whatever." Gross income is not to be confused with net income, in that gross income is the taxpayer's income from "any source whatever," in which rent is specifically included, but before the deduction, under section 23 of the Code, of business and other allowable expenses and charges, including, among other items, interest, taxes, and a reasonable allowance for depreciation, whereas net income is the net amount remaining after the deductions provided.

Taking into account the statute as enacted by Congress, and the facts as shown by the evidence of record, it is apparent that the gross income of Rosa Gooch for 1948 was substantially in excess of $500, the minimum amount necessary for allowance of the claim of credit herein. Cash rent of $150 was received on the dwelling in Albion. Omitting with respect to the farms, Sections 11 and 16, all items other than amounts received from tenants as rent either in cash or corn, wheat, and soybeans, or the proceeds therefrom, the rental income on Section 11 was $589.36, out of which the share of petitioner's mother was $196.45. Similarly, the rental income received from tenants on Section 16 was $1,191.27, of which the two-thirds share of petitioner's mother was $794.18. It thus appears that in 1948 Rosa Gooch had gross income of $1,140.63 from rent alone, which gross income was more than twice the $500 minimum, which would bar the dependency credit claimed.

---

[2] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—

(1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:

*     *     *     *     *     *     *

(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year.

*     *     *     *     *     *     *

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

*     *     *     *     *     *     *

(D) the father or mother of the taxpayer, or an ancestor of either.

In some manner and to some extent, at least, from data or evidence not of record, petitioner, on brief, has arrived at a gross income figure for his mother from Section 16 of $425.73 and a net loss figure of $68.84 from Section 11. Also from data or accounts which were not put in evidence before this Court, he shows 1948 "expenses" on the house in Albion at $286.87, as against rent of $150, which is shown of record, to arrive at an operating loss on the house of $136.87. Consolidating these results and including the dividend of $19.60 on the Swift & Company stock, he arrives at a net figure of $239.62 as the 1948 gross income of his mother. Petitioner's contention, if we understand it aright, is that the net profits from each parcel of land are to be computed separately and, when consolidated, the resulting amount is to be regarded as the gross income of Rosa Gooch. In justification of this theory of gross income, petitioner likens the leasing or renting of the properties to tenants to the manufacture of commodities for sale, to the end that the overhead and other expenses attendant upon the ownership and renting of the properties are parallel to or comparable in substance to the cost of goods sold, in the case of a manufacturing concern, and are to be taken out or eliminated in arriving at the gross income of the owner of the rental properties. The short answer is that, regardless of theory, gross income as we are here concerned with it is gross income according to the statute, and, according to the statutory plan, such items as taxes, maintenance, and the allowance for depreciation are allowable deductions from gross income in arriving at net income, and not deductions from total or gross receipts in determining statutory gross income.

In passing, it may be noted that even under the petitioner's theory that the use of the property granted to tenants should be likened to the sale of a commodity and that expenses attendant upon the ownership and maintenance of such property would, under such a theory, be comparable to the cost of goods sold, certainly there would be no justification for treating some of the disbursements, or portions thereof, as "the cost of goods sold" in 1948. Of the total disbursements made in 1948 from rents received, $716.59, half thereof being charged to Section 11 and half to Section 16, was paid to petitioner in reimbursement for automobile expenses which had been incurred by him in connection with the management of the properties, but, according to petitioner's testimony, only a portion thereof was properly chargeable against 1948 operations, the remainder being chargeable to operations for the years 1940 through 1947, inclusive; and while the allocation of the total amount paid to the various years is not shown by evidence of record, the petitioner, on brief, has indicated that only $251.35 was chargeable to 1948 operations, leaving the balance of $465.24 as being applicable to operations for the prior years. Similarly, at least three-fourths of $241.72 expended for fertilizer

applied to Section 11 would not be a proper charge in the cost of producing the 1948 income from that tract, it being petitioner's testimony that of the amount expended for fertilizer, $241.72 represented a capital outlay, which should be spread over a period of 4 or 5 years. In such circumstances, the allowance for the depreciation or exhaustion of that capital outlay for 1948 would, at the most, have been only $60.43. It is thus apparent that even though, for the purposes of discussion, all other disbursements be regarded as proper charges in arriving at gross income, the elimination which would be required with respect to the fertilizer item and the automobile expense for prior years would, under petitioner's "cost of goods sold" theory, serve to increase 1948 net receipts to that point where there could be no question of 1948 gross income in excess of the $500 minimum which would bar the dependency credit claimed.

As a further basis for his claim that only net profits are to be taken into account in arriving at the 1948 gross income of his mother, petitioner suggests, rather than argues, that there was an "implied partnership in the rental property which would transfer some" of his mother's income to him. While there is substantial indication that petitioner did devote considerable of his own time and attention to looking after the properties in which his mother was the owner of interests in common, and possibly may have expended some of his own money in connection with such activities for his mother's benefit, we find no evidence that a business partnership existed or was intended to exist. It was at the most a family arrangement and petitioner was doing those things that by reason of such relationship he would do as his mother's son.

It is our conclusion that the evidence establishes the fact, and we have so found, that the amount of the 1948 gross income of Rosa Gooch, as it has been defined by Congress, was in excess of $500. The dependency credit being thus barred, the fact that petitioner may have contributed over half of his mother's support is not, under the statute, of controlling effect.

*Decision will be entered for the respondent.*