John H. Gooch v. Commissioner.
Gooch v. Commissioner
Docket No. 53264.
United States Tax Court
T.C. Memo 1955-326; 1955 Tax Ct. Memo LEXIS 10; 14 T.C.M. (CCH) 1282; T.C.M. (RIA) 55326; December 15, 1955
*10 1. On the evidence, it is held that petitioner's earnings did not exceed the amount reported in his return, and that respondent erred in increasing his earnings by $69.52. 2. Petitioner claimed a dependency credit for his mother who had gross income in 1950 in excess of $500. Held, that since the statutory gross income of petitioner's mother in the taxable year exceeded $500, petitioner is not entitled, under section 25(b)(1)(D) of the 1939 Code, as amended, to the dependency credit claimed. John H. Gooch, 21 T.C. 481 followed. John H. Gooch, 407 South Bedford Avenue, Evansville, Ind., pro se. John J. Larkin, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for 1950 in the amount $126of. The petitioner concedes that respondent properly included in his income for 1950 interest, which he failed to report in his return, in the amount of $3.35. There are two questions: (1) Whether petitioner understated his earnings in 1950 in the amount of $69.52. (2) Whether petitioner is entitled to a dependency credit, by reason of his contributions to the support of his mother, under section 25(b)(1) of the 1939 Code. The Commissioner denied the credit because the gross income of petitioner's mother exceeded $500. Findings of Fact Petitioner is a resident of Evansville, Illinois. He filed his return for the taxable year with the collector for Indiana. Petitioner is the son and the only child of Rosa C. Gooch, deceased. Petitioner's mother died on September 15, 1950. During 1950, until her death, Rosa C. Gooch resided with petitioner in Evansville. She was a widow. Petitioner *12 contributed to the support of his mother, during her lifetime, in 1950. Issue 1. Petitioner was employed by International Harvester Company throughout 1950, as well as before and after 1950. He received payment of his salary, on a weekly basis, each week during 1950, and during 1951. He reports income on the cash basis. The weekly salary payments which were received by petitioner during 1950 totaled $3,420.92, and International Harvester withheld from his salary during 1950, for taxes, $342.51. Petitioner reported both amounts in his return for 1950. On January 5, 1951, petitioner received from his employer $69.52, as one week's salary. The respondent, in determining the deficiency, included $69.52 in petitioner's income as part of his salary for 1950. Respondent erred in this determination. Petitioner's salary payments, received in 1950, exclusive of withholding by the employer, did not exceed $3,420.92. Issue 2. During 1950, petitioner's mother received small amounts of dividends and interest. She owned a house in Albion, Illinois, from which she received rents. She was the owner of an undivided one-third interest in a tract of farm land located in Section 11 near Albion, *13 Illinois. She owned, also, an undivided two-thirds interest in a tract of farm land in Section 16 near Albion. The two tracts of farm lands were cultivated and operated by tenant farmers during 1950, who raised grain, corn, soybeans, wheat, and clover. The gross income derived from the farm in Section 11, in 1950, amounted to $372.55, of which sum, petitioner's mother's one-third share was $124.18. The gross income from the farm in Section 16, in 1950, was $329.48, of which the two-thirds share of petitioner's mother was $219.66. Petitioner's mother received gross income in 1950 in the total amount of $794.44, as follows: $420.50
from rental of the house in Albion
30.10
from dividends and interest
124.18
from the farm in Section 11
219.66
from the farm in Section 16
$794.44
Petitioner's mother paid her share of the expenses of operating the two farms. She paid expenses relating to the repair and upkeep of her house in Albion. Because of these expenses, the net amounts which she received from her house in Albion and from the two farms were considerably less than her gross receipts therefrom, and it was necessary for the petitioner to contribute to his *14 mother's support in 1950. The gross income of petitioner's mother was more than $500 in 1950. Opinion Issue 1. The findings dispose of this issue. It is held that the respondent erred in increasing petitioner's income, from his salary, by $69.52. That determination is reversed. Issue 2. The question involves only the provisions of subsection (D) of section 25(b)(1) of the 1939 Code, as amended. The dependency credit provided by section 25(b)(1) is available to petitioner, with respect to his mother, only if his mother's gross income (as distinguished from net income) was less than $500. Since the gross income in 1950 of petitioner's mother exceeded $500, the dependency credit which petitioner claims is barred by subsection (D). The question must be decided against the petitioner because of this Court's holding in John H. Gooch, 21 T.C. 481, which is controlling and dispositive of the issue raised in this case. The dependency credit, of which petitioner seeks the benefit, is allowable only if the facts satisfy the conditions which the Congress saw fit to prescribe in enacting section 25(b)(1). Since the facts in this case do not bring petitioner's claim within *15 section 25(b)(1)(D), the claim must be denied even though petitioner may have contributed over half of the cost of his mother's support. Because of the provisions of subsection (D), it is immaterial that he may have contributed over one-half of his mother's support. It is held that the respondent properly denied the dependency credit. Decision will be entered under Rule 50.