John H. GOOCH, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11840.

United States Court of Appeals Seventh Circuit.

Jan. 24, 1957.

John H. Gooch, Evansville, Ind., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

In this petition for review, the taxpayer assails the decision of the Tax Court to the effect that petitioner was not entitled to a credit against his net income under Section 25(b) (1) (D) of the Internal Revenue Code of 1939, 26 U.S.C. § 25, for a dependency exemption on account of his mother. Petitioner, in his return for 1950, claimed a dependency credit by reason of his contribution to her support. In 1950, she received, as

her proportionate share of the rents of a house and two farms and from dividends and interest, a total of $794.44. This gross income did not take into account her expense of producing or collecting the same. The Tax Court sustained the Commissioner's determination that, in view of the fact that the gross income of the mother was more than $500, the taxpayer was not entitled to a dependency credit by reason of his contribution to her support. Petitioner now insists, first, that his mother's true gross income consisted of the sum mentioned, less her expenses in collecting the same, and that, at any rate, an implied partnership existed between him and his mother with respect to the rental from the house.

By Section 22 of the Internal Revenue Act, 26 U.S.C.1952 Edition, Sec. 22, gross income includes "income derived from salaries, wages * * * interest, rent, dividends and * * * all income derived from any source whatever." Section 21, 26 U.S.C. § 21, defines net income as gross income, less the deductions and credits allowed by Section 23, 26 U.S.C. § 23. Section 23 provides that, in computing net income, there shall be allowed as deductions from gross income the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income or for the management, conservation or maintenance of property, and taxes paid or accrued within the taxable year. From these sections of the Act, the distinction between gross income and net income is made crystal-clear. Gross income includes all income received from all sources, while net income includes gross income less the legitimate expense of realizing same.

Section 25 of the Act, permits a credit against net income of an exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500. By Section 10 (b) of the Act of 1944, the term dependent includes the father or mother of the taxpayer, over half of whose support for the year is received from the child. Thus

it is clear that a parent who receives in excess of $500 as gross income may not qualify as a dependent for a taxpayer, even though the latter contributes support to the parent.

This is made plain by the legislative history of the Act (see House Committee Report No. 1365, 78th Congress, 2nd Session, P. 5) (1944 Cum.Bull., 821, 841, 842). Pertinent is the language: " * * * exemption may not be claimed for any individual who has, during the taxable year, a gross income of $500 or more. * * * This rule applies even though the individual in question derives more than one-half of his support from the taxpayer. * * * Likewise, a father having gross income of $500 or more and thus required to file a return is not a dependent of his son, even though the son furnishes more than one-half of the support of his parent."

If we were to adopt petitioner's contention that, in determining whether he is entitled to a credit for an exemption, the expense of producing the dependent's income must be deducted from her gross income, we would, by such an annoucement, be amending the Act of Congress. We would be substituting for the provision that one having a gross income of $500 may not qualify as a dependent, a provision that one who has a net income of less than $500, may do so. In other words, we would make the test the net income and not gross income, as provided by Congress. Obviously, the court cannot substitute other words for those employed by the Congress.

Taxpayer argues in the alternative and there was an implied partnership between him and his mother with respect to the rental of the house, the mother's interest in the rent of which aggregated $428.50. The same contention was made in a former hearing on the taxes for the year 1948 and disposed of by the Tax Court in 21 T.C. 481, at page 486, thus: "While there is substantial indication that taxpayer did devote considerable of his own time and attention to looking after the properties in which his mother was the owner of interests in

common, and possibly may have expended some of his own money in connection with such activities for his mother's benefit, we find no evidence that a business partnership existed or was intended to exist. It was at the most a family arrangement and petitioner was doing those things that by reason of such relationship he would do as his mother's son." With this reasoning we agree, and, in view of the fact that the governing circumstances are the same for each of the years 1948 and 1950, no different conclusion is justified in this case.

The petition for review is denied and the judgment of the Tax Court affirmed.