Frank Scarangella v. Commissioner.
Scarangella v. Commissioner
Docket No. 5483-67.
United States Tax Court
T.C. Memo 1969-13; 1969 Tax Ct. Memo LEXIS 283; 28 T.C.M. (CCH) 53; T.C.M. (RIA) 69013; January 16, 1969, Filed Frank Scarangella, pro se, 725 River Vale Rd., Westwood, N.J. f/rank N. Panza, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $120 in petitioner's Federal income tax for the year 1965. The principal issue is whether petitioner is entitled to a dependency exemption for his mother, Annunziata Scarangella, for the *284 year 1965. A subsidiary issue is whether petitioner is entitled to compute his income tax at the rates provided for a head of household. Findings of Fact Most of the facts have been stipulated and are hereby found accordingly. Frank Scarangella (herein called petitioner) was a legal resident of Westwood, New Jersey, at the time he filed his petition in this proceeding. His Federal income tax return for the year 1965 was filed with the district director of internal revenue at Newark, New Jersey. On his 1965 income tax return the petitioner claimed a dependency exemption for his aged and bedridden mother, Annunziata Scarangella, who is now deceased, and computed his tax at the rates provided for a head of household. The home in which petitioner resided with his mother during 1965 was located at 725 River Vale Road in Westwood, New Jersey. It was owned by his mother prior to and during all of 1965. In 1965 a portion of the house owned by petitioner's mother was occupied and rented by Mr. and Mrs. Edward Gruber and their family. Rental payments, totaling $860 in 1965, were made by checks from the Grubers which were payable to petitioner's mother. These checks were endorsed *285 by petitioner for his mother, who was then unable to write. The total support for petitioner's mother during 1965 was at least $2,000. Petitioner provided over half of the total support of his mother in the year 1965. The gross income of petitioner's mother for the year 1965 was more than $600. Opinion Exemptions for dependents are matters of legislative grace, and are allowable as deductions [1] in computing taxable income where the conditions prescribed by Congress have been met and satisfied. In the case of dependents, which as defined by section 54 152(a)(4) [2] includes a taxpayer's mother, the exemption is available only if the taxpayer has supplied over half of the dependent's support and the gross income of the dependent in the calendar year was less than $600. Thus, in order to be entitled to a dependency exemption for his mother, petitioner must meet both the support and gross income requirements. *286 We are satisfied on this record, and respondent concedes in his brief, that the petitioner did provide over half of the support of his mother for the year 1965. We have so found as a fact. However, since it is undisputed that Annunziata Scarangella had gross income of $860 in 1965 from rent alone, the petitioner is precluded by the plain words of the statute from taking the dependency exemption for his mother. Congress has specified what it means by "gross income." In section 61(a) of the Internal Revenue Code of 1954, gross income means "all income from whatever source derived, including * * * (5) Rents." Gross income is not to be confused with "net income." Gross income is the income before the deduction of business and other allowable expenses and charges, including, among other items, interest, taxes, and a reasonable allowance for depreciation; whereas net income is the net amount remaining after the deductions provided. It is therefore our conclusion that the evidence establishes the fact, and we have so found, that the amount of the 1965 gross income of petitioner's mother was more than $600. The dependency exemption being thus barred, it is not controlling *287 that petitioner contributed over half of his mother's support. See John H. Gooch, 21 T.C. 481 (1954), which is squarely in point. At the trial petitioner made a sincere plea for equitable relief under these circumstances. There is no doubt in our minds that the equities are in his favor. But, as appealing as his cause may be, this is not a court of equity. We have no equity powers and we cannot grant relief on such grounds. Estela De La Garza, 46 T.C. 446 (1966), affd. 378 F. 2d 32 (C.A. 5, 1967); Lorain Avenue Clinic 31 T.C. 141, 164 (1958). Although we do sympathize with petitioner's situation, no other interpretation of the statute is rationally permissible if "gross income" is to be given its usual and longaccepted meaning in the tax law. Sections 1(b)(2)(A)(ii) and 1(b)(2)(B), Internal Revenue Code of 1954, provides that an unmarried taxpayer, who maintains as his home a household constituting the principal place of abode during his taxable year, for any dependent for whom the taxpayer is entitled to a deduction under section 151, or, who maintains a household which constitutes for such taxable year *288 the principal place of abode for the taxable year of the father or mother of the taxpayer if the taxpayer is entitled to a deduction under section 151 for such father or mother for that taxable year, is entitled to compute his income tax at the rates prescribed for head of household. Since petitioner is not entitled to a dependency exemption for anyone other than himself, he is not entitled to compute his income tax at the rates provided for a head of household. Accordingly, Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600. or ↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * * (4) The father or mother of the taxpayer, or an ancestor of either,↩