**Frank SCARANGELLA, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 17936.**

United States Court of Appeals
Third Circuit.

Argued Nov. 4, 1969.

Decided Nov. 19, 1969.

Frank Scarangella, pro se.

Leonard J. Henzke, Atty., Dept. of Justice, Tax Division, Lee A. Jackson, Thomas L. Stapleton, Attys., Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., for appellee.

Before MARIS, SEITZ and STAHL, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellant-taxpayer claims a dependency exemption for his aged mother for the year 1965, even though she had gross income during that year in excess of $600. Appellant's mother owned the home in which she and her son lived, and she leased a portion of the house in that year for rental payments totaling $860. The Internal Revenue Service and the Tax Court denied the taxpayer's claim for a dependency exemption.[1] In the Tax court opinion, Judge Dawson said:

"Exemptions for dependents are matters of legislative grace, and are allowable as deductions in computing taxable income where the conditions prescribed by Congress have been met and satisfied. In the case of dependents, which as defined by section 152 (a) (4) [26 U.S.C. § 152(a) (4)] includes a taxpayer's mother, the exemption is available only if the taxpayer has supplied over half of the dependent's support *and* the *gross* income of the dependent in the calendar year was less than $600. [§ 151(e) (1) (A), 26 U.S.C. § 151(e) (1) (A).] Thus, in order to be entitled to a dependency exemption for his mother, petitioner must meet both the support and gross income requirements. (Footnotes omitted). (Emphasis added.) [2]

■ The Internal Revenue Code defines gross income as "all income from whatever source derived, including * * * Rents; * * *." § 61(a), 26 U.S.C. § 61(a). Consequently, however appealing the taxpayer's request for equitable relief may be, we may not construe gross income to mean net income by allowing a credit for the expenses which may have been incurred by appellant's mother in connection with the rented premises. Gooch v. Commissioner, 240 F.2d 324 (7th Cir. 1957); John H. Gooch, 21 T.C. 481 (1954).

■ Appellant raises a constitutional issue by pointing to the different treatment accorded by the Internal Revenue Code to the claim of a parent for a dependency exemption for a child where a deduction is allowed if the child is under 19 or is a full-time student, without the bar of the $600 per year income limitation. § 151(e) (1) (B), 26 U.S.C. § 151(e) (1) (B). We agree with the Government that this classification, as in the case of classification of exemptions by age, family relationship, student status or marital status, is not unreasonable.

---

1. 28 T.C.M. 53 (1969).

2. *Id.*

Appellant also claims the right to compute his income tax for the year 1965 as a head of household. Since in the case of an unmarried taxpayer the head of household status is predicated on there being a parent or other dependent qualified for a dependency exemption under § 151 of the Internal Revenue Code, this claim, too, must fail.

The decision of the Tax Court will be affirmed.