Stephen J. Ledman and Stella M. Ledman v. Commissioner.
Ledman v. Commissioner
Docket No. 5086-67.
United States Tax Court
T.C. Memo 1970-69; 1970 Tax Ct. Memo LEXIS 291; 29 T.C.M. (CCH) 301; T.C.M. (RIA) 70069; March 23, 1970, filed Stephen J. Ledman, pro se, 645 W. End Ave., New York, N. Y. Marvin A. Fein, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1963 in the amount of $180. The only issue for decision is whether petitioners are entitled to a dependency exemption for petitioner Stella M. Ledman's mother for the year in issue. Findings of Fact Some of the facts have been stipulated; the stipulation and the exhibits attached thereto are incorporated, herein, by this reference. Petitioners Stephen J. and Stella M. Ledman (hereinafter petitioners), husband and wife, resided in New York City, New York at the time their petition in the instant case was filed. Their joint Federal income tax return for the taxable year 1963 was filed with the district director of internal revenue, Manhattan, New York. During 1963 Stella's mother, Mary Jurkiewicz (hereinafter Mary), resided *293 with the petitioners who provided for all of her support. 302 On March 30, 1962, Mary, as cograntor with Stella, executed a trust indenture placing certain scheduled securities as well as a limited partnership interest in trust for a period of 10 years and 3 months, commencing April 1, 1962. Under the terms of this trust income was to be paid annually to two named beneficiaries; i.e., Lenore Rosalie Ledman and Paul John Ledman, petitioners' children. Stephen and Stella, as trustees, were authorized to retain or sell the scheduled securities and to reinvest the proceeds. In the event of sale the reinvested proceeds were to become part of the trust corpus. At the end of the 10-year and 3-month term the securities were to revert "in their entirety" to the grantors. During the year in issue the trust had occasion to sell certain of the scheduled securities it held. Mary received none of the proceeds. On her Federal income tax return for 1963 Mary reported net long-term capital gain, due to these sales, of $4,167.70. In addition, Mary reported interest income of $434.93. Because she was over 65 years of age at the end of the taxable year she was allowed personal exemptions totaling *294 $1,200. Stephen, who was an internal revenue agent, had prepared her tax return. On their joint Federal income tax return for 1963 petitioners claimed a dependency exemption of $600 for Mary. This exemption was disallowed by the respondent. Opinion Section 151(e)(1)(A) of the Internal Revenue Code of 1954[1] provides an exemption of $600 for dependents "whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 * * *." (Emphasis added.) Section 152(a)(4) categorizes the mother of the taxpayer as a dependent. [2]
In the case at bar respondent has disallowed petitioners' claim for a dependency exemption solely on the ground that petitioners' mother and/or mother-in-law had gross income in excess of $600. It is petitioners' contention that the exemption should be allowed because, despite the fact that Mary reported gross income, she did not actually receive funds which she could use for her support. If we distill this argument, its essence is that *295 the term "gross income," as it is used in section 151(e)(1) (A), means actual receipt as opposed to "gross income," the word of art, as it is used throughout the Internal Revenue Code. Petitioners do not argue that Mary did not have in excess of $600 gross income for purposes of filing a tax return; i.e. gross income in the technical sense. [3]
We find that the respondent was correct in its determination. There is clear authority that the term "gross income" as it is used in section 151(e)(1)(A) means "gross income" as it is defined in section 61(a). When the predecessor of section 151(e)(1) (A) was originally enacted in sections 10 (b)(1)(C) and 10(b)(3) of the Individual Income Tax Act of 1944, [4] the intent of Congress was expressed as follows: It is contemplated by the bill that not more than one taxpayer shall be entitled to a surtax exemption with respect to any individual. Consistent with this theory an additional restriction on the claiming of the surtax exemption for a dependent is found in the fact that such *296 exemption may not be claimed for any individual who has, during the taxable year, a gross income of $500 or more. Such an individual is * * * required to file a return and would be entitled to the surtax exemption on his own behalf. This rule applies even though the individual in question derives more than one-half of his support from the taxpayer. * * * The above-quoted passage is dispositive of this case on two grounds. Firstly, it clearly indicates Congress intended that "gross income" be construed in its technical sense; and secondly, it shows that Congress intended to foreclose the possibility of duplicitous exemptions. It would not be consistent with this intent to permit Mary to take her two personal exemptions (two because she was over 65 years old) and to 303 also allow petitioners to claim a dependency exemption for her. Our holding, herein, is supported by our past decisions that, for purposes of the dependency *297 exemption, one must look to gross income rather than the net income available for the dependent's use and support. See e.g. John H. Gooch [Dec. 20,112], 21 T.C. 481 (1954). Decision will be entered for the respondent. Footnotes
1. Section references are to the Internal Revenue Code of 1954 unless stated otherwise. ↩
2. Section 152(a)(8) provides the same treatment for a mother-in-law.↩
3. Section 677(a)(2) requires that Mary be treated as the owner of the trust corpus and she was, therefore, correct in including the capital gain in her income.↩
4. The dependency exemption, therein, was a surtax exemption; however, the identical language was made applicable to the normal tax. See section 201 of the Revenue Act of 1948; i.e., section 25(b)(1)(D), Internal Revenue Code of 1939↩.