GLENN SHERMAN HAYS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hays v. Commissioner
Docket No. 1318-71.
United States Tax Court
T.C. Memo 1973-44; 1973 Tax Ct. Memo LEXIS 243; 32 T.C.M. (CCH) 195; T.C.M. (RIA) 73044; February 21, 1973, Filed Glenn Sherman Hays, pro se. William E. Saul, for the respondent. BRUCE MEMORANDUM OPINION BRUCE, Judge: Respondent determined deficiencies in the income tax of the petitioner for the years and in the amount as follows: Year
Deficiency
1966
$889.66
1967
514.97
1968
859.78
The only issue is the constitutionality of section 151(e The only issue is the constitutionality of section 151(e) (1) (A)[1] which denies petitioner a dependency exemption 2 for his mother because that section considers gross rental income as gross income *245 for the purpose of determining eligibility for the deduction. This case is fully stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Glenn S. Hays (hereafter called petitioner) was an unmarried man during 1966, 1967, and 1968, and resided at 3927 Cabrillo Street, San Francisco, California, at the time the petition was filed in this case. Petitioner filed income tax returns as the head of a household with the director, internal revenue service center, Ogden, Utah. Petitioner is a marine engineer and was engaged in that occupation during 1966, 1967, and 1968. Petitioner's mother, Hazel Hays, resided at 706 Manhattan Court, San Diego, Claifornia, during 1966, 1967, and 1968. She is retired and owns her own home. Hazel Hays rented apartments in her home during 1966, 1967, and 1968. Her income and expenses in 1966 and 1968 were as follows: 3 1966
1968
Rental Income
$ 485.00
$1,555.00
Rental Expense
1,031.54
1,352.45
Wages
240.00
None
Interest Income
None
95.58
*246 No similar information is available for 1967. The parties have stipulated, however, that "Hazel Hay's gross income was more than $600 during 1966, 1967, and 1968; and petitioner provided her more than one-half her support during those years." Petitioner gave his mother the following amounts in 1966, 1967, and 1968: Year
Amount
1966
$1,800
1967
2,800
1968
1,800
During each of the years involved, petitioner was eligible for a dependency exemption of $600 for his mother if for a particular calendar year he provided over one-half of her support and she had gross income of less than $600. [2]
*247 4 In view of the misconceptions underpinning petitioner's argument, it is well to note at this point that gross income is "all income from whatever source derived, including * * * Rents." Section 61(a). Taxable income (that net income which Congress chooses to tax) is gross income minus the deductions allowed by the Code. Section 63(a). It is axiomatic that deductions are a matter of legislative grace. Interstate Transit Lines v. Commissioner, 319 U.S. 590 (1943). In John H. Gooch, 21 T.C. 481 (1954), we considered a situation similar to the present one. There, the taxpayer's mother had gross rental income in excess of the statutory standard of $500, but her net income after rental expenses was less than the standard. In denying a dependency exemption, we held that section 25(b) (1) (D) of the Internal Revenue Code 5 of 1939 (from which section 151(e) (1) (A) of the Internal Revenue Code of 1954 was derived) plainly made gross income the standard. We dismissed the argument that such items as taxes, maintenance, and the allowance for depreciation were deductible from "gross rental receipts" in *248 determining the statutory "gross income." See also, Gooch v. Commissioner, 240 F. 2d 324 (C.A. 7, 1957), affirming a Memorandum Opinion of this Court. This position has been restated under the present statute. Scarangella v. Commissioner, 418 F. 2d 228 (C.A. 3, 1969), affirming a Memorandum Opinion of this Court. See also Bonkowski v. Commissioner, 458 F. 2d 709 (C.A. 7, 1972), affirming a Memorandum Opinion of this Court. In the instant case, petitioner has provided over one-half of the support for his mother in each of the years, but also in each of the years, she has had gross income in excess of $600. Therefore, petitioner's mother is not within the statutory prescriptions which would entitle petitioner to the dependency exemption deduction. Petitioner contends, however, that section 151(e) (1) (A) as written and as applied by the courts is unconstitutional because of its use of gross income as the critical standard. In sifting through the legal propositions advanced by petitioner, 6 we perceive the thrust of his argument to be that the statute is inequitable and that it arbitrarily discriminates against those with rental *249 income while favoring those whose income is from manufacturing. The basis for this contention is apparently section 1.61-3(a), Income Tax Regs., which provides that "In a manufacturing, merchandising, or mining business, "gross income" means the total sales, less the cost of goods sold * * *." Petitioner contends that in violation of the Fifth Amendment's guarantee of due process, he is arbitrarily discriminated against because manufacturers, for example, deduct the cost of goods sold from gross receipts to determine gross income whereas he is not permitted to make deductions in determining the gross income of his mother. Section 151(e) (1) (A) has already survived one constitutional challenge. In Scarangella, supra, the taxpayer was denied a dependency exemption for his mother and pointed to the different treatment accorded a parent seeking a dependency exemption for a child. In the case of a child, the deduction was allowable without a gross income test if the child was under 19 or was a full-time student. Section 151(e) (1) (B). The Court found that 7 the gross income classification, like classification of exemptions by age, family relationship, student *250 status, or marital status, was not unreasonable.
Here, the constitutional argument made by petitioner is equally without merit. In United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4 (1970), the Supreme Court considered a due process challenge to the classification established by section 501(c) (14) (B) of the Internal Revenue Code of 1954. The Court stated that "Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts." Id. at 6. We perceive a rational justification for the "different treatment" of petitioner and those specified in Treasury Regulation 1.61-3(a). Under the Sixteenth Amendment, Congress is empowered to levy a tax on incomes, whether gross or net. Helvering v. Independent Life Insurance Co., 292 U.S. 371 (1934). But that amendment does not allow Congress to tax that which is not income. Thus Congress may not tax gross receipts which may be in excess of gross income. The proceeds from the disposition of property may constitute both the return of capital and gross income. *251 A return to capital is, of course, not income and not subject to the income tax. Burnet v. Logan, 283 U.S. 404 (1931). 8 . Consistent with these principles, Treasury Regulation 1.61-3(a) provides that in a manufacturing, merchandising, or mining business the cost of goods sold should be deducted from gross receipts in determining gross income. The recovery of cost of goods sold is in the nature of a return of capital. The reduction of gross receipts by the cost of goods sold is thus a necessary step in determining gross income. Other deductions, however, are not taken from gross receipts in determining gross income. Section 1.61-3(a), Income Tax Regs.
The rental expenses sought to be deducted by petitioner are the same type expenses which are not deductible by a manufacturer in determining gross income. Clearly then, petitioner is not subject to discrimination by arbitrary definitions of gross income in the Code. We think that Congress' decision to make eligibility for the dependency exemption dependent upon the gross income test is not unreasonable. Petitioner's argument in its essence is that section 151(e) (1) (A) would have been *252 more equitable had it used net income, rather than gross income, as the applicable standard. We, however, cannot rewrite the statute. 9 Since petitioner's mother does not qualify as his dependent, it follows that petitioner was not, during the years involved, a head of a household as then defined in section 1(b) (2) (B), now defined in section 2(b) (1) (B). Accordingly, he is not entitled to compute his income tax at the rates provided for a head of a household. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as in effect during the years involved. ↩
2. Section 151 provided, in part: SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * * Section 152 provided, in part: SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * * * * (4) The father or mother of the taxpayer, or an ancestor of either, ↩