ANTHONY SANTORO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Santoro v. Commissioner
Docket No. 4701-74.
United States Tax Court
T.C. Memo 1975-152; 1975 Tax Ct. Memo LEXIS 219; 34 T.C.M. (CCH) 703; T.C.M. (RIA) 750152; May 20, 1975, Filed Anthony Santoro, pro se. Jonathan A. Brod, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $131 in petitioner's Federal income tax for 1972. The only issue for our decision is whether petitioner is entitled to use head of household tax rates for that year. All of the facts are stipulated and we adopt the stipulation of facts as our findings. The relevant facts are summarized below. Anthony Santoro (herein called petitioner) was a legal resident of Hollywood, California, when he filed his petition in this proceeding. *221 His Federal income tax return for the year 1972 was timely filed with the Western Service Center, Ogden, Utah. Petitioner's parents lived in his home throughout the year 1972, and he provided more than 50 percent of their support during that year. His father and mother had gross income of $3,495 for 1972, which constituted community property. Petitioner claimed head of household status on his 1972 Federal income tax return and computed his tax on the basis of the rate applicable thereto. The deficiency in this case was based on respondent's determination that petitioner was not entitled to head of household status. Petitioner argues that he qualifies for head of household tax rates. We must examine the provisions of the Internal Revenue Code to see if he qualifies. Section 1(b) [1] permits an individual who is the head of a household to determine his tax in accordance with that section. Head of household is defined in section 2(b)(1), which, in relevant part, provides: an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) *222 maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. for purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. (Emphasis added) Since the term "dependent," as defined in section 152(a)(4), includes the father or mother of the taxpayer, petitioner must meet the requirements of either section 2(b)(1)(A)(ii) or section 2(b)(1)(B) in order to qualify as a head of household. However, both these subsections *223 require that petitioner must be entitled to a deduction for the taxable year for his mother and father under section 151 to be considered a head of household. While deductions are a matter of legislative grace, Interstate Transit Lines v. Commissioner319 U.S. 590, 593 (1943), New Colonial Co. v. Helvering,292 U.S. 435, 440 (1934), whether petitioner is entitled to a deduction under section 151 is simply a matter of properly interpreting the statutory language involved. Here the problem is not difficult because the language of the statute is clear. Section 151(e)(1) allows a taxpayer an exemption of $750 for each dependent only where the claimed dependent had gross income for the taxable year of less than $750, unless the claimed dependent is a child of the taxpayer and is either a student or less than 19 years old at the close of the taxpayer's taxable year. Respondent concedes that the petitioner meets all the requirements for head of household status except one, i.e., the gross income of petitioner's parents exceeded the statutory ceiling. It has been stipulated that petitioner's parents earned $3,495, which constituted community property, *224 during 1972. Under California law, Cal. Civ. Code Sec. 5105 (West 1970), petitioner's parents each had a one-half interest in this amount. Thus, both his mother and father had gross income for Federal income tax purposes in excess of the statutory ceiling of $750. See United States v. Mitchell,403 U.S. 190 (1971), affirming 51 T.C. 641 (1969), which held that a married woman was personally liable for the Federal income tax due on her share of the community income despite the exercise of her right under state law to exonerate herself from the debts incurred during the marriage by renouncing the community's gains. Since neither of petitioner's parents had gross income of less than $750 for 1972, they cannot qualify as his dependents under section 151. For this reason the petitioner fails to meet the express requirements of section 1(b) and cannot properly use the head of household rate. See Filomena F. Carito,54 T.C. 1614 (1970). Petitioner does not argue that his parents made less than the statutory ceiling. In fact, he alleges in his petition that he did not claim them as dependents because they each earned *225 more than $750. However, he contends that the statutory provisions are "not only too harsh but antiquated" and that the statute should be amended. He asks that we allow him to use head of household rates because he has met all the requirements but one. Unfortunately, we cannot do so. However appealing we may find petitioner's request for equitable relief, we are bound by the clear language of the statute. See Scarangella v. Commissioner,418 F. 2d 228, 229 (3d Cir. 1969), affirming T.C. Memo 1969-13, where the taxpayer claimed head of household status because he had maintained a household for his mother and provided over one-half of her support during the year in issue. Since his mother had gross income of $860 from rentals, we were compelled to hold that the taxpayer was not entitled to use head of household rates because his mother's gross income exceeded the statutory ceiling. See also John H. Gooch,21 T.C. 481 (1954). Petitioner is not entitled to a dependency exemption for either of his parents and has not shown that he is entitled to a dependency exemption for any other person. Consequently, we conclude that he does not qualify *226 as a head of household for Federal income tax purposes and cannot compute his tax at the rates provided for a head of household. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as in effect during the year at issue.↩