T.C. Summary Opinion 2007-186

UNITED STATES TAX COURT

RICHARD G. KEENE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No 7849-06S.                    Filed November 1, 2007.

Richard G. Keene, pro se.

<u>Mark Miller</u> and <u>Jennifer Viken</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2004 Federal income tax of $3,550. The issues for decision are whether petitioner is entitled to claim dependency exemptions for two minor children for taxable year 2004, and whether petitioner is also entitled to claim child tax credits with respect to those children for the year in issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Tomah, Wisconsin.

Petitioner and Lynn W. Keene (Dr. Keene) were previously married. Three children were born of the marriage: A.K., B.K., and M.K.[1] A Judgment of Divorce (Judgment) was entered in the Circuit Court, Family Court Branch, Monroe County, Wisconsin, on February 8, 2001. The Judgment incorporated a Marital Settlement Agreement previously entered in the circuit court on February 1, 2001.

The Marital Settlement Agreement provided that Dr. Keene would have primary physical custody for all three children, with petitioner having biweekly visitation consisting of 3-day

---

[1] The Court uses initials when referring to minor children.

weekends.  The parties agree that Dr. Keene was the custodial parent of the minor children at issue during the taxable year 2004.  Pursuant to the Marital Settlement Agreement, the Judgment ordered that petitioner pay 29 percent of his income to Dr. Keene as child support.

With respect to the issue of which parent would claim the child dependency exemptions, the Judgment, in pertinent part, provides as follows:

SECTION VII. TAXES.

A. The petitioner, Richard Keene * * * shall have the right to claim the child A.K. * * * as a dependent for federal and state income tax purposes provided that one or both parents fulfill the tax code requirements for claiming a dependency exemption.  Petitioner's right to claim the child as a dependent is dependent upon him being current and in compliance with the support provisions of this agreement.

* * * * * * *

The petitioner shall alternate the right to claim M.K. as a dependent for federal and state income tax purposes provided that one or both parents fulfill the tax code requirements for claiming the dependency exemption. Petitioner shall claim M.K. in even numbered years.

Petitioner paid $14,891.25 in child support to Dr. Keene in 2004.  This total comports with the amount that petitioner was ordered to pay (29 percent of income) in the underlying Judgment.

Petitioner timely filed his 2004 Federal income tax return claiming dependency exemptions with respect to the minor children, A.K. and M.K., and two child tax credits.  Petitioner attached to his 2004 Federal income tax return a Form 8332,

Release of Claim to Exemption for Child of Divorced or Separated Parents (Form 8332), which was not signed by Dr. Keene, the custodial parent. In the notice of deficiency, respondent explained that he was disallowing petitioner's claimed dependency exemptions for A.K. and M.K. on the grounds that another taxpayer had also claimed the dependency exemptions for them for the 2004 taxable year. Accordingly, respondent disallowed petitioner's claimed exemptions and correspondingly disallowed petitioner's claimed child tax credits.

Prior to the filing of his 2004 return, petitioner attempted to have Dr. Keene sign the Form 8332 for taxable year 2004. Petitioner sent a copy of Form 8332 to Dr. Keene, asking her to complete and sign it. She allegedly refused to do so. Problems arose between petitioner and Dr. Keene regarding the interpretation of some of the terms of the Marital Settlement Agreement. Petitioner then filed a Motion for Remedial Contempt in the circuit court to enforce, among the other provisions in the Marital Settlement Agreement, his entitlement to claim the dependency exemptions with respect to A.K. and M.K., in those years in which petitioner was entitled to claim the exemptions. By oral decision dated July 22, 2003, which is reflected in the proceeding's transcript, the circuit court held that petitioner was in compliance with his child support obligations as provided under the Judgment, and that he should be entitled to claim the

dependency exemption for A.K. for the taxable years in question. Petitioner believed that because the circuit court made this ruling with respect to his entitlement to claim the exemption for A.K. in 2003, he accordingly should be entitled to claim both exemptions for taxable year 2004.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that the burden of proof shall be upon the taxpayer. In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 shifts the burden of proof to the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Petitioner did not argue that section 7491 is applicable in this case, nor did he establish that the burden of proof should shift to the respondent. Petitioner, therefore, bears the burden of proving that respondent's determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

Section 151 allows deductions for personal exemptions, including exemptions for dependents of the taxpayers. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over

half of whose support for the calendar year was received from the taxpayer. Section 152(e) carves out a special exception to the aforementioned in the case of parents who are divorced or separated. Simply put, section 152(e) provides that the parent having legal custody of the child (a.k.a. the custodial parent) at issue is entitled to claim the dependency exemption deduction for that child unless the custodial parent has validly executed a written release of his or her right to claim the deduction as the custodial parent of record. Sec. 152(e)(1) and (2).

The parties agree, and the record is clear, that petitioner was not the custodial parent of either A.K. or M.K. during the year in issue. Accordingly, our only inquiry is whether Dr. Keene validly executed a release of her right to claim the deduction as the custodial parent of record.

Petitioner argues his entitlement to the dependency exemption deductions because the aforementioned Judgment affords him the right to claim A.K. as a dependent so long as he is current in his child support and health insurance obligations, and gives him the right to claim M.K. in even years, again, so long as he is current in his child support and health insurance obligations. The record is silent as to any evidence contrary to the fact that, during the year in issue, petitioner was compliant with these obligations; however, although the Judgment and the oral decision of the circuit court provide that petitioner is

entitled to claim dependency exemptions in 2004 for A.K. and M.K., is it well settled that State courts, by their decisions, cannot determine issues of Federal tax law. See Commissioner v. Tower, 327 U.S. 280 (1946); Miller v. Commissioner, 114 T.C. 184 (2000).

It therefore follows that, irrespective of what is contained in the Judgment as to petitioner's right to claim dependency exemptions for A.K. and M.K., the law is clear that a taxpayer is entitled to a dependency exemption in the taxable year if, and only if, he or she is in compliance with section 152. Petitioner argues that he was in compliance with section 152 because although he could not get Dr. Keene to relinquish her entitlement to claim the deductions by signing the Form 8332, the Judgment affords him an unequivocal right to claim the deductions. Irrespective of whether or not a Form 8332 is signed, he argues, Dr. Keene signed the Judgment and, in doing so, unequivocally agreed to relinquish her right to claim the exemption at that time.

When a custodial parent releases his or her right to claim a dependency exemption for more than 1 year, the noncustodial parent must attach the original release of claim to his tax return for the immediate year and attach a copy of the release of claim to each succeeding return on which he claims the dependency exemptions. Chamberlain v. Commissioner, T.C. Memo. 2007-178.

Failure to attach a valid Form 8332, or an equivalent written declaration, disqualifies a noncustodial taxpayer from claiming a dependency exemption for his minor child.  Miller v. Commissioner, supra at 188-189.

Section 152(e) is clear; it grants the dependency exemption to a noncustodial parent only when he attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year in which he or she claims the exemption.  Form 8332 requires a taxpayer to agree not to claim a dependency exemption and to furnish:  (1) The name of the child for whom exemption claims are released; (2) the years for which the claims are released; (3) the signature of the custodial parent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption.  Miller v. Commissioner, supra at 190.

The parties agree that while petitioner did not attach a signed Form 8332 to his Federal income tax return for 2004, he did attach a copy of the sections of the Marital Settlement Agreement pertaining to that parent who is entitled to claim the exemptions as well as the signature page.  Petitioner argues that the combination of the custodial parent's signature on the Marital Settlement Agreement and the circuit court's oral

decision should qualify as an equivalent to Form 8332, thus entitling him to the claimed dependency exemptions.

To properly release a claim to a dependency exemption deduction, section 152(e) requires a custodial parent to sign a written declaration that contains an express and unqualified statement that the custodial parent will not claim the dependency exemption for that year. Bramante v. Commissioner, T.C. Memo. 2002-228. In this case, the Judgment specifies that petitioner would be entitled to claim the dependency exemptions for A.K. only if he were in good standing with his child support obligations, and for M.K. only in even years where he was also in good standing with his support obligations.

The Marital Settlement Agreement, signed in assent by the custodial parent, Dr. Keene, granted petitioner the right to claim the deductions if, and only if, he were compliant with his support obligations. Dr. Keene's signature on the Marital Settlement Agreement, however, does not necessarily comport that document with an unequivocal statement of relinquishment. In Boltinghouse v. Commissioner, T.C. Memo. 2003-134, the taxpayers also attached to their return a copy of a divorce agreement, which was signed by both the custodial and noncustodial parent. The agreement in that case, however, unconditionally granted the noncustodial parent the dependency exemption. The Court held that the divorce agreement in Boltinghouse v. Commissioner,

supra, met all of the requirements of a written declaration under section 152(e)(2) because it conformed in substance to Form 8332.

Unlike the divorce agreement in Boltinghouse v. Commissioner, supra, the Judgment at issue is conditional; that is, petitioner is entitled to claim the exemptions for A.K. and M.K. only if he is current in his child support obligations and, with respect to M.K. only, it is an even year. This condition creates the question of whether or not petitioner would be entitled to claim the dependency exemptions depending upon his compliance with his support obligations. This condition suggests that petitioner's compliance with his support obligations may change from year to year, such that petitioner's entitlement to the dependency exemption for A.K. and M.K. (in even years) is subject to change each year. As such, the order does not conform in substance to Form 8332 because it fails to state with specificity the applicable tax year or years for which petitioner is entitled to claim the exemptions. Therefore, we find that the Judgment does not constitute a written declaration under section 152(e)(2).

With respect to the child tax credits petitioner claimed for A.K. and M.K. for taxable year 2004, section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means an individual with respect to

whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B).  Sec. 24(c)(1).

Since petitioner was not allowed a deduction with respect to either A.K. or M.K. under sections 151 and 152, it follows that, for the year in issue, neither A.K. nor M.K. is a qualifying child.  Consequently, irrespective of language in the Judgment to the contrary, petitioner is not entitled to claim a child tax credit for either A.K. or M.K. in 2004.

Finally, petitioner asks us to disregard the foregoing legal analysis and respondent's determination, in the light of facts that show his ex-wife's failure to comply with the provisions of the Judgment.  While there is no doubt in our mind that Dr. Keene failed to sign the Form 8332 when requested to do so, and that petitioner was in compliance with the terms of the Judgment for taxable year 2004 (thus entitling him to enforce those provisions of the Marital Settlement Agreement with respect to the entitlement for the dependency exemption) the Tax Court is not a court of equity, and we cannot intervene in matters beyond our jurisdiction.  Scarangella v. Commissioner, T.C. Memo. 1969-13, affd. per curiam 418 F.2d 228 (3d Cir. 1969).  Accordingly, respondent's determination in this matter is sustained.

<u>Decision will be entered for respondent</u>.