DORIS V. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62697. Filed November 13, 1957.

*William F. Threlkeld, Esq.*, for the petitioner.
*Conley G. Wilkerson, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* The respondent contends that petitioner is not entitled to a dependency credit in the taxable year because her mother had a gross income in excess of $600, and furthermore, that petitioner has not established that she furnished more than one-half the cost of her mother's support. Petitioner has the burden of establishing both of the statutory requirements.

It is stipulated that the mother was an equal partner with petitioner in the operation of a retail flower business which, in the year 1952, had a gross profit of more than $210, and a net operating loss of $1,710.03. It is also stipulated that the mother had gross income from other sources of $499.

Petitioner contends that in applying the gross income test for purposes of the dependency credit, the mother's share of the partnership gross income may not be considered, and hence the gross income of the mother is less than $600. *L. Glenn Switzer*, 20 T. C. 759; *Estate of R. L. Langer*, 16 T. C. 41, affirmed per curiam 194 F. 2d 288.

The test for determining dependency under section 25 (b) (1) (D) of the 1939 Code is the gross income of the dependent as defined in section 22 (a). *Gooch v. Commissioner*, 240 F. 2d 324, affirming T. C. Memo. 1955–326; *John H. Gooch*, 21 T. C. 481; *Lena Hahn*, 22 T. C. 212. While these cases do not involve a partner's share of the gross income of a partnership, they hold that in applying the gross income test for dependency credit, gross income from business operations rather than the net income is to be used.

The inquiry narrows to the question of whether in applying the gross income test for the dependency credit, a partner's share of the gross income of the partnership is to be considered as gross income of the individual under the rule adopted in the case of a business operated as a sole proprietorship.

A partnership is not a taxable entity. The fact that the revenue act contains specific provisions for the filing of a partnership information return and requires that only the net income shown thereon is to be included in the partners' individual return (secs. 181–189, 1939 Code) does not, we think, require the application of a different rule. See discussion of these Code provisions and authorities cited in *Charles H. Palda*, 27 T. C. 445, 447, on appeal (C. A. 8).

The general rule is that an individual partner is deemed to own a share interest in the gross income of the partnership. *Harry Landau*, 21 T. C. 414, 421.

In our opinion, to conclude that the rule applied with respect to gross income of a sole proprietorship is not applicable with respect to gross income of a partnership would work a discrimination between taxpayers, a result never intended by Congress and which is to be avoided where possible.

The Internal Revenue Code of 1954 indicates that it was the congressional intent that a partner's share of the gross income of the partnership is gross income of the individual within the meaning of section 22 (a) of the 1939 Code.

In section 61 (a), 1954 Code, gross income is defined as:

Except as otherwise provided in this subtitle, gross income means income from whatever source derived including (but not limited to) the following items:

  *   *   *   *   *   *   *

(13) Distributive share of partnership gross income;

The legislative history makes it clear that this is not a change in the existing law but is merely declaratory of the prior law in simplified form.[1] See *Commissioner* v. *Glenshaw Glass Co.*, 348 U. S. 426.

The case of *L. Glenn Switzer, supra*, which was remanded by the Court of Appeals (C. A. 9) on September 17, 1954, with directions (in accordance with the stipulation of the parties) to vacate our decisions and enter decisions for the petitioners, and *Estate of R. L. Langer, supra*, on which petitioner relies, involve other sections of the Code and are distinguishable. Cf. *Charles H. Palda, supra; Jack Rose*, 24 T. C. 755.

The record shows that petitioner's mother had more than $600 of gross income in the taxable year 1952. Therefore, the respondent's disallowance of a dependency credit is sustained.

The next question presented is whether petitioner is entitled to a deduction for medical expenses. The principal part of the claimed medical expenses were incurred on behalf of her mother. Petitioner makes no claim that the medical expenses paid on her own behalf were sufficient to qualify her for a medical deduction.

Petitioner contends that she is entitled to aggregate the total medical expenses paid on her own behalf and those paid on behalf of her mother as a dependent.

Section 23 (x) of the Code provides that a taxpayer is entitled to a deduction for medical expenses of a dependent as defined in section 25 (b) (3). A mother is one of the persons included therein. To entitle a taxpayer to claim a deduction for medical expenses paid for a dependent, the gross income test is not applicable, and it is only necessary to establish that the taxpayer has furnished more than one-half the cost of the support of the dependent. The respondent has so ruled [2] and we think the ruling correctly interprets the applicable provisions of the Code.

The respondent argues that petitioner has not met the support test, since she has failed to show the total cost of the mother's support. The record shows that in the taxable year involved the petitioner contributed at least $2,275 toward the support of her mother. No other person contributed to the mother's support. Since it appears that the mother's gross income, excluding her share of the partnership gross profits was $499, we think it is apparent that petitioner furnished more

---

[1] S. Rept. No. 1622, 83d Cong., 2d Sess., p. 168.

[2] I. T. 4034, 1950–2 C. B. 28.

than one-half the support of her mother and we have so found as a fact. *E. R. Cobb, Sr.*, 28 T. C. 595.

Petitioner is therefore entitled to include in her medical expenses the amounts paid on behalf of her mother.

In the taxable year 1952, petitioner expended the aggregate amount of $424.20 for doctors, drugs and medicines, hospitalization and medical insurance premiums, and for the transportation of her mother to consult specialists. The cost of each of such items is set forth in our findings. In our opinion each item qualifies for deductibility as a medical expense under the provisions of section 23 (x) of the 1939 Code and the Commissioner's regulations. Regs. 118, sec. 39.23 (x)-1.

Petitioner in the year 1952 also expended the sum of $260 for special foods for her mother, consisting of baby foods, special breads and butters, very tender beef, and small pieces of steak. The Commissioner has ruled [3] that special foods which are substitutes for foods normally consumed do not qualify as a medical expense. We think the ruling is a proper interpretation of section 23 (x), and approve the same.

The amount of the deduction to which petitioner is entitled on account of medical expenses will be determined under Rule 50.

*Decision will be entered under Rule 50.*

---
[3] Rev. Rul. 261, 1955-1 C. B. 307, 312.