George H. and Josephine Collins v. Commissioner.
Collins v. Commissioner
Docket No. 1505-64.
United States Tax Court
T.C. Memo 1965-233; 1965 Tax Ct. Memo LEXIS 98; 24 T.C.M. (CCH) 1190; T.C.M. (RIA) 65233; August 27, 1965
*98 Held, petitioners are not entitled to deduct as a medical expense the cost of food prescribed for them as a medical diet which was a substitute for their regular diet, satisfied their nutritional needs, and was not consumed in addition to their regular diet. George H. Collins, pro se, 42-65 Kissene Blvd., Flushing, N. Y. Eugene Parker, for the respondent. DRENNEN
Memorandum *99 Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1961 in the amount of $178.26. The issue for decision is whether petitioners are entitled to a medical expense deduction pursuant to section 213, I.R.C. 1954, [1] for the cost of virtually all food consumed by petitioners during the taxable year in question, pursuant to a medically prescribed diet. Findings of Fact Petitioners are husband and wife residing in Flushing, N. Y. Petitioners' joint Federal income tax return for the year 1961 was timely filed with the district director of internal revenue, Brooklyn, N. Y.
Petitioner George H. Collins (hereinafter referred to as George) was listed under "occupation" on the tax return as being employed as an accounting clerk during the taxable year in question, and his wife, Josephine Collins (hereinafter referred to as Josephine), was a housewife and semi-retired registered nurse. George suffered from severe headaches, pains in the back, and "ringing in the ears" for several *100 years prior to the taxable year in question. In an effort to alleviate these physical ailments, George obtained treatment from several doctors. One of these doctors, who had been treating George for several years, referred him to an endocrinologist, John W. Tintera, M.D. (hereinafter referred to as Tintera). A letter from Tintera dated February 28, 1962, admitted into evidence at the trial of this case, recites that "we have treated Mr. George H. Collins since June 18th, 1958 for multi-glandular complications of adrenal insufficiency and low blood sugar. I have placed Mr. Collins on a high protein, moderate fat and low carbohydrate diet with frequent feedings." Tintera placed George on an "Antihypoglycemic Diet" which provided in part as follows: Foods allowed: All meats, fowl, fish and shellfish Dairy products (eggs, milk, butter and cheese) All vegetables and fruits not listed below Salted nuts (excellent between meals) Peanut butter, protein bread, oatmeal D-Zerta with whipped cream (sweetened with Sucaryl) Sanka, weak tea and sugar-free sodas Soybeans and soybean products Sucaryl as a substitute for sugar Foods to avoid: Potatoes, corn, macaroni, rice, *101 cereals Spaghetti, pie, cake, pastries Sugar, candies, dates Raisins and other dried fruits Cola and other sweet soft drinks Coffee and strong tea A suggested menu for the day included the following: Breakfast: Unsweetened fruit juice or grapefruit Ham or bacon and one or two eggs Pat of butter with 1 slice of protein bread Sanka, tea or milk 10:00 A.M.: Milk or orange juice or piece of fruit Lunch: Soup Moderately fat meat or cheese sandwich or Hot lunch consisting of meat or fish and vegetables with 1 slice protein bread and pat of butter Milk 3:00 to 3:30 P.M.: Glass of milk or piece of fruit Dinner: Vegetable or chicken soup Cream of pea, asparagus or tomato soup Meat or fish Vegetable and salad (mayonnaise recommended for salads) Slice of protein bread with butter Milk and/or tea, Sanka Unsweetened canned fruit or fresh fruit Bedtime: 2-4 saltines with butter and/or cheese and 1 glass of milk The same diet was prescribed for Josephine, who also suffered from adrenal insufficiency and inefficient metabolism, and petitioners followed this diet during the years in question, although there is some evidence which suggests *102 that on occasion it was permissible to have potatoes, corn, special macaroni, and spaghetti. During the taxable year in question petitioners expended $890.32 for food at various grocery stores. In most instances the items purchased were generally available in local stores, and petitioners experienced little difficulty in finding food that would satisfactorily meet the standards of the diet. Care was required in selecting the proper products, and careful reading of the ingredients on the labels was necessary in order to avoid the proscribed items. On occasion petitioners purchased fruit at local fruitstands, and the cost of this food was not included in the $890.32 spent for food because the expenditures could not be substantiated by adequate records. The $890.32 spent for food in the taxable year included virtually all of the petitioners' expenditures for food during the year. On their income tax return petitioners deducted the $890.32 spent at various grocery stores as a medical expense. In the notice of deficiency respondent determined that the claimed expenditure of $890.32 in the taxable year, representing the cost of food and beverage and referred to as "Antihypoglycemic Diet, *103 " did not qualify as a medical expense under section 213, but represents a personal, living, or family expense, the deduction of which is not allowed under section 262. Opinion The issue for decision is whether petitioners are entitled to a medical expense deduction under section 213 for the cost of virtually all food consumed by petitioners during the taxable year in question pursuant to a medically prescribed diet, where the food satisfied petitioners' nutritional needs and constituted a substitute for food normally consumed. Petitioners contend that the cost of the diet food purchased qualifies as a medical expense deduction under section 213, [2] and further that paragraph 15 of Rev. Rul. 55-261, 1955-1 C.B. 307, 312, [3] is vague, ambiguous, and unenforceable: It is respondent's position that the food consumed by petitioners, while representing a medically prescribed diet, satisfied their nutritional needs and constituted a substitute for food normally consumed and the cost thereof was therefore a personal or living expense which cannot be deducted as a medical expense. We agree with respondent. *104 Section 213 allows a deduction for expenses, not compensated for by insurance or otherwise, for medical care. The predecessor of this section in the 1939 Code, section 23(x), which used almost identical language, was specifically interpreted in Rev. Rul. 55-261, supra, to mean that where special food or beverage is taken as a substitute for food or beverage normally consumed by a person and satisfies his nutritional requirements, the expense incurred is a personal expense, but where it is prescribed by a physician for medicinal purposes and is in addition to the normal diet of the patient, the cost may qualify as medical expense under section 23(x), I.R.C. 1939. That section of the Code and that particular ruling were considered by this Court in Doris V. Clark, 29 T.C. 196. In that case, the taxpayer expended the sum of $260 for special foods for her mother, consisting of baby foods, special breads and butters, very tender beef, and small pieces of steak. In disallowing the claimed deduction, this Court specifically approved the ruling of the Commissioner that special foods which are substitutes for foods normally consumed do not qualify as a medical expense. *105 In Leo R. Cohn, 38 T.C. 387, this Court held that petitioners were entitled to deduct as a medical expense the additional charges made by restaurants to prepare salt-free meals for one of the petitioners. In its opinion in that case, in distinguishing Doris V. Clark, supra, the Court was careful to point out that "the item sought to be deducted is not the cost of the food which was taken to satisfy [one of petitioners] ordinary nutritional needs but rather the additional charge for special preparation of salt-free food," 38 T.C. 387, 391. The Court recognized the rule which allows a medical expense deduction for food and beverage prescribed for the alleviation or treatment of an illness if the prescribed food or beverage is not a substitute for food and beverage ordinarily consumed, but denies a deduction if the food or beverage is such a substitute. A medical expense deduction under section 23(x), I.R.C. 1939, was disallowed in Estate of Eugene Merrick Webb, 30 T.C. 1202, where Webb, the deceased taxpayer who had suffered from hypertension, during the taxable year before the Court was on a diet consisting of beefsteaks with kidney *106 fat, avocados, pears, grapefruit, and potatoes cooked in a certain manner. Petitioners insisted that the diet was prescribed by a physician to prolong Webb's life, that it was a part of Webb's nutritional needs, and that the cost of such diet was therefore a deductible medical expense. The Court, in rejecting petitioners' contention, relied upon this Court's earlier decision in Doris V. Clark, supra, approving Rev. Rul. 55-261, supra, and pointed out that Webb consumed the diet three times a day and ate nothing else, and it was clear that the diet represented Webb's daily nutritional requirement and was taken as a substitute for food normally consumed. It is clear that the $890.32 which petitioners claim as a medical expense deduction represents virtually the entire cost of all food consumed by petitioners during the year in question. An examination of the "Antihypoglycemic Diet" reveals that they are permitted to eat all meats, fowl, fish, dairy products, and most vegetables. They are to avoid foods which are high in sugar and starch content. The diet, described as a high protein, moderate fat, and low carbohydrate diet with frequent feedings, clearly *107 served as a substitute for petitioners' normal diet, satisfied their nutritional requirements, and was not consumed in addition to their regular diet. The cost of this diet food was a personal or living expense, which is nondeductible under section 262. [4] The fact that petitioners received some medical benefit from eating the diet food does not make the cost thereof deductible under section 213. Petitioners have not shown that they are entitled to deduct any part of the $890.32 they spent on food during the year 1961. We hold for respondent. Doris V. Clark, supra, and the other cases cited herein. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 213(a). Allowance of Deduction. - There shall be allowed as a deduction the following amounts of the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent * * *
(e) Definitions. - For purposes of this section - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * * ↩
3. "15. Cost of special food and beverages prescribed for specific ailments. - * * * Generally, the cost of special food or beverages does not qualify as a medical expense within the meaning of section 23(x) of the Code. However, in special cases, depending upon the particular facts presented, if the prescribed food or beverage is taken solely for the alleviation or treatment of an illness, is in no way a part of the nutritional needs of the patient, and a statement as to the particular facts and to the food or beverage prescribed is submitted by a physician, the cost of such food or beverage may be deducted as a medical expense. Where the special food or beverage is taken as a substitute for food or beverage normally consumed by a person and satisfies his nutritional requirements, the expense incurred is a personal expense within the meaning of section 24(a)(1) of the Code; but where it is prescribed by a physician for medicinal purposes and is in addition to the normal diet of the patient, the cost may qualify as a medicinal expense under section 23(x)↩."
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩