J. WILLARD AND GWENDOLYN P. HARRIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4125–64. Filed August 23, 1966.

Gwendolyn P. Harris, pro se.
*Willard J. Gerard,* for the respondent.

SIMPSON, *Judge:* Respondent determined a deficiency in income tax of $165.29 for the taxable year 1962. The sole issue for decision is whether petitioners are entitled to deduct as a medical expense, pursuant to section 213 of the Internal Revenue Code of 1954,[1] the

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

cost of certain foods consumed by petitioner J. Willard Harris as a part of a medically prescribed diet.

OPINION

Petitioners, J. Willard and Gwendolyn P. Harris, are husband and wife and reside at 1426 Fowler Avenue, Evanston, Ill. Their joint Federal income tax return for the year 1962 was filed with the district director of internal revenue at Chicago, Ill. Petitioner J. Willard Harris is a diabetic. The petitioners claimed as a medical deduction on their 1962 Federal income tax return a total of $461.38 expended, pursuant to a medically prescribed diet, for the following special foods or food substitutes:

| | |
|---|---:|
| Artificial sugar | $41.88 |
| Liquid sweetener | 23.28 |
| Salt substitute | 9.36 |
| Unsalted butter | 14.16 |
| Diabetic canned fruit | 284.70 |
| Diabetic salad dressings | 14.16 |
| Salads (consisting of lettuce, tomatoes, cauliflower, and spinach) | 73.84 |
| | 461.38 |

Section 213 allows a deduction for expenses, not compensated for by insurance or otherwise, for medical care. This section and its predecessor, sec. 23(x), I.R.C. 1939, have been interpreted to mean that where special food or beverage is taken as a substitute for food or beverage normally consumed by a person and satisfies his nutritional requirements, the expense incurred is a personal expense, but where such food or beverage is prescribed by a physician for medicinal purposes and is in addition to the normal diet of the patient, the cost may qualify as a medical expense. *Leo R. Cohn*, 38 T.C. 387 (1962), nonacq. on this issue 1963–2 C.B. 6; *Estate of Eugene Merrick Webb*, 30 T.C. 1202 (1958), acq. 1959–2 C.B. 7; *Doris V. Clark*, 29 T.C. 196 (1957), acq. 1958–1 C.B. 4; Rev. Rul. 55–261, 1955–1 C.B. 307, 312.

We think it is apparent that the diet of a normal person is comprised, in part, of fruit, salad, salad dressing, butter, salt, and sugar. Thus, we would have no hesitancy in stating that the expense of petitioners in obtaining the special foods or food substitutes was a personal expense, were it not for a written statement of petitioner's physician, introduced into the record as a joint exhibit. This statement, dated February 10, 1964, asserts that the special foods and food substitutes were not a part of petitioner's nutritional needs and were in addition to his diet.

Although respondent did not concede the truth of the statement, he did not object to its introduction into the record. Consequently, the statement, although hearsay, must be considered as a part of the evidence in this case. *G. E. Fuller*, 20 T.C. 308 (1953), affd. 213 F. 2d 102 (C.A. 10, 1954); McCormick, Evidence, sec. 24 (1954). However, we cannot assign much weight to the statement since it seems directly contrary to our understanding of the diet of a normal person. It seems to us that these diet foods must have been eaten in substitution for a normal diet, and it is highly likely that they were a source of nutrition. Thus, we wonder what petitioner's physician meant by "in addition to his diet." Absent further explanation or other evidence, we cannot accept the physician's statement, and therefore we cannot find that petitioner has met his burden of establishing that he is entitled to the deduction.

We find, therefore, that the special foods and food substitutes were consumed by petitioner as substitutes for foods normally consumed by a person, and as such, their cost constituted a nondeductible personal expense of the petitioners. Accordingly,

*Decision will be entered for the respondent.*