LEONA VON KALB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Von Kalb v. Commissioner
Docket No. 10266-77.
United States Tax Court
T.C. Memo 1978-366; 1978 Tax Ct. Memo LEXIS 152; 37 T.C.M. (CCH) 1511; T.C.M. (RIA) 78366; September 13, 1978, Filed Leona Von Kalb, pro se. Jerrome N. Duncan, II, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code *153 [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1974 in the amount of $ 290.85. Concessions having been made by both parties, [3] the only questions remaining for decision are: (1) whether amounts paid by petitioner for special foods pursuant to a medically prescribed diet are deductible as medical expenses under section 213; and (2) the extent to which such special food costs are substantiated. [3]
*154 Petitioner suffers from a disease known as hypoglycemia, a condition caused by abnormally low blood sugar in the body. It can cause permanent damage to the nervous system and brain, and often results in various psychological disorders and diabetes, as well as chronic exhaustion of the adrenal gland and pancreas. A specialist in physical medicine and rehabilitation, Dr. Anson P. Williams, now deceased, examined petitioner in 1973 and prescribed frequent feedings of a high protein diet as the major treatment for her condition. Dr. Williams' diagnosis and treatment were corroborated at the trial by a specialist in psychosomatic medicine, [4] Dr. Valentine G. Birds, who is familiar with petitioner's case history. Dr. Birds testified that he has observed her condition since 1973, an that she has consistently followed the special diet prescribed for her by consuming twice as much protein as an average person. In a written statement, dated January 28, 1975, Dr. Birds asserted that the high protein supplements eaten by petitioner were in addition to her normal nutritional needs, and were not replacements for any of her normal consumption of food. *155 The evidence indicates that petitioner consumed six to eight feedings of high quality protein a day. Her diet excluded processed foods and carbohydrates. By comparing her food bills with those of her friends, she estimated that the cost of her food, with high protein supplements, was much greater than that of average food bought at the grocery store. It was stipulated at the trial that she spent $ 3,110.92 for groceries in 1974. [5] In addition, she claimed that she paid $ 372.50 for lunches and dinners in restaurants in 1974. Thus, she claimed food costs during 1974 in the total amount of $ 3,483.42. At the trial, she estimated that 30 percent of this sum, $ 1,045.03, was attributable to extra protein required to treat her disease. On her 1974 income tax return, however, she deducted $ 1,300 for the additional cost of her high protein diet as a medical expense. Respondent argues that petitioner's high protein supplements satisfied her nutritional needs and constituted substitutes for food normally consumed, so that the additional cost is a nondeductible personal expense. *156 Section 213 allows a deduction for expenses, not compensated for by insurance or otherwise, for medical care. An expenditure for "medical care" is narrowly defined as an expense incurred primarily for the prevention or alleviation of a physical or mental defect or illness, and not an expense which is merely beneficial to the general health of an individual. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. Consistent with this definition, section 213 and its predecessor, section 23(x), Internal Revenue Code of 1939, have been interpreted to mean that where special food or beverage is taken as a substitute for food or beverage normally consumed by a person and satisfies his regular nutritional requirements, the expense incurred is a personal expense. However, where such food or beverage is prescribed by a physician for medicinal purposes, and is in addition to the normal diet of a patient, the cost may qualify as a medical expense. Rev. Rul. 55-261, 1955-1 C.B. 307, 312. Since petitioner suffered from a disease that could be mitigated only by taking frequent feedings of high quality protein, we conclude that the additional expense incurred in adhering *157 to the diet prescribed for her is deductible as a medical expense. Statements by two physicians who treated petitioner clearly showed that her extra protein intake was prescribed solely in order to treat her hypoglycemia. Dr. Birds testified that she had in fact followed her special diet in 1974 by eating twice as much protein as the normal person. We think it apparent that the diet of an average person does not include six to eight feedings of protein a day or exclude all processed foods and carbohydrates. Thus, the primary purpose for petitioner's extra intake of high quality proteins was not to satisfy her normal nutritional needs, but to meet the additional, "abnormal" dietary needs caused by her disease. Since it was the large quantity and high quality of such protein that was specifically required to alleviate her trouble, the additional cost of obtaining such food is deductible under section 213. This Court has held that the additional costs of chemically uncontaminated foods and of specially prepared foods are deductible as medical expenses. See Randolph v. Commissioner,67 T.C. 481 (1976); Cohn v. Commissioner,38 T.C. 387 (1962). *158 In the first case, petitioners, whose allergy to chemically treated foods required them to consume only organic foods, were allowed to deduct "the added cost attributed to special handling required to grow, package, and market [such] food in a chemically free environment." In the second case, petitioner, whose heart condition required that he maintain a salt-free diet, was allowed to deduct additional charges made by restaurants to prepare salt-free meals for him. It is possible to read these decisions as holding that only added costs attributable to special handling and special preparation of foods will be deductible as medical expenses, since this Court noted in Cohn v. Commissioner,supra at 391: "Here the item sought to be deducted is not the cost of the food which was taken to satisfy Leo's ordinary nutritional needs but rather the additional charge for special preparation of salt-free food." Similarly, the opinion in Randolph v. Commissioner,supra at 489, contains the following statement: "Had there been no added charge for special handling [of the food], petitioners would not be allowed a medical expense deduction." We reject *159 such a narrow reading of the cases, however, and adopt the following test announced by the Court in Randolph v. Commissioner,supra at 488: [We] believe petitioners are entitled to deduct the additional charge incurred in obtaining their specially grown, packaged, and transported organic foods. * * * In Cohn, additional expenses were incurred to obtain specially prepared foods. * * * For the added expense incurred in Cohn, taxpayer obtained salt-free food; for their added expense, petitioners obtained chemical-free food. [Emphasis added.] For purposes of qualifying as an expenditure for "medical care", there should be no distinction between added costs for special handling and special preparation of foods and that for obtaining extra amounts of high grade protein foods. All of them are incurred primarily to alleviate physical illnesses and are incorporated in the costs of the foods themselves. See sec. 1.213-1(e)(1)(ii), Income Tax Regs. Thus, petitioner in this case must be allowed to deduct the additional expense of obtaining large quantities of high quality protein foods used as treatment for her disease. Respondent contends *160 that all amounts spent by petitioner for her high protein diet were personal, nondeductible expenses under section 262. In support of this contention, he relies primarily on Harris v. Commissioner,46 T.C. 672 (1966); Collins v. Commissioner,T.C. Memo. 1965-233; and Estate of Webb v. Commissioner,30 T.C. 1202 (1958), all of which disallowed medical expense deductions claimed for the cost of special foods. The factual situation in the instant case is distinguishable, however, from that in those three cases. In Collins and Webb, the petitioners claimed the entire cost of the food consumed by them during the whole year as medical expenses. The Court found that most, if not all, of this food went to satisfy their normal nutritional needs, thus serving as a substitute for their normal diet and, therefore, held that none of such costs were deductible. In Harris and Webb, the Court denied medical expense deductions claimed for the cost of special foods, because petitioners failed to prove that the claimed expenses were not expenditures for food that satisfied their normal nutritional needs. Unlike the taxpayers in *161 Collins and Webb, petitioner in the instant case claims as a deduction only the additional cost of proteins that were needed to alleviate her disease and which were in no way replacements for food normally consumed. Also unlike petitioners in Harris and Webb, petitioner herein has presented records to substantiate her total grocery expenses, the amount of which was stipulated between the parties. She has, also, given supporting testimony explaining how she estimated the portion of her total grocery costs that were allocable to added protein needed to treat her disease. However, there was no evidence to indicate that the amounts spent for lunches and dinners in restaurants represented expenditures for additional protein feedings rather than normal meals. Based on all of the evidence and our own approximation, we conclude that petitioner's estimate that 30 percent of her total grocery costs represented expenses for protein consumed in addition to her normal diet was reasonable. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Accordingly, petitioner is only entitled to deduct 30 percent of her total grocery costs, $ 933.28, and not the $ 1,300 claimed *162 as a medical expense on her 1974 tax return. * * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. In the stipulation of facts, petitioner conceded that she was not entitled to deduct $ 221.90 for employee business expenses under section 162, and respondent allowed petitioner to deduct $ 1,331.99 for medical expenses.↩
4. Psychosomatic medicine deals with the treatment of physiological, psychological, and emotional functions of a patient.↩
5. She testified that this sum only represented food expenses, since she bought her personal and household items separately through her sister.↩