FRANCES R. LIPP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lipp v. Commissioner
Docket No. 279-80.
United States Tax Court
T.C. Memo 1981-337; 1981 Tax Ct. Memo LEXIS 409; 42 T.C.M. (CCH) 279; T.C.M. (RIA) 81337; June 29, 1981
Frances R. Lipp, pro se. Karen A. Perez, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, *410 Judge: Respondent determined a deficiency in petitioner's income tax as follows: Year
Deficiency
1977
$ 101.00
The sole issue for decision is whether petitioner may take a section 213, [1] medical expense deduction for general home maintenance costs allocated to a business office in petitioner's home, used by petitioner to avoid aggravation of a severe allergy to tobacco smoke at petitioner's place of business. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by this reference. Frances R. Lipp (hereinafter "petitioner"), is an unmarried individual who resided in Fort Collins, Colorado, at the time she filed the petition herein. During the taxable year 1977, the petitioner was employed by Colorado State University as a full-time professor. Petitioner was provided with office space at the university and was neither required nor requested to maintain an office in her home. Petitioner suffers from a severe *411 allergy to tobacco smoke. Immunotherapy injections and antihistamines administered by an allergy specialist proved ineffective in treating this condition. Petitioner's only recourse, therefore, in accordance with the specialist's recommendation, was to avoid exposure to tobacco smoke whenever possible. Petitioner's university office was frequently and unavoidedly permeated by tobacco smoke. Therefore, petitioner worked at home about one-half of the time, and there completed such professional responsibilities as grading student work and preparing lectures. Although petitioner completed these responsibilities in a single room of her home, the use of the room was not limited exclusively to such activity. For instance, petitioner used the room to house her full personal library, as well as for other nonspecified use. The room is specially insulated against aeroallergens. Petitioner concedes that she is not entitled to a section 280A [2] office-in-the-home deduction. However, petitioner claims a section 213(e)(1)(A) [3] medical expense deduction for the portion of general home maintenance costs she allocated to the home office. Petitioner calculated the deduction by apportioning *412 general home maintenance costs on the basis of proportional square footage, using the following equation: office floor space / total floor space (1/8) X total home maintenance costs ($ 3,105.00) = deduction ($ 388). [4] The home maintenance figure included expenses for taxes, interest, insurance, appreciation, utilities, trash hauling, cleaning bills, yardwork and such repairs and improvements as carpentry and electrical wiring. Respondent found a deficiency in the amount deducted for these general home maintenance expenses. *413 OPINION Petitioner suffers from a severe tobacco smoke allergy for which the only effective treatment is avoidance. Petitioner is a professor whose university office is frequently and unavoidably permeated by tobacco smoke. A significant percentage of petitioner's professional responsibilities such as grading student work and preparing lectures is as easily performed away from as at the university. Petitioner performs such responsibilities in a single room in her home which is used primarily, though not exclusively, for this purpose. The room is specially insulated against aeroallergens. The sole issue in this case is whether petitioner can apportion general home maintenance costs to the office and deduct such as section 213 medical expenses. The issue engages a tension between section 213 and section 262, the latter a general proviso which disallows deductions for personal, living or family expenses. [5] The Supreme Court, in Commissioner v. Bilder, 369 U.S. 499, 502 (1962), resolved this tension in favor of section 262, and found that a taxpayer who suffered from a severe heart condition and who was ordered by his doctor to abandon his home and legal practice *414 in order to spend the winter months in Florida, could not deduct his Florida living expenses under section 213. The Court found "the Commissioner's position unassailable" wherein the Commissioner maintained that it was the purpose of Congress in enacting section 213 to deny deductions for all personal and living expenses incidental to medical treatment. Since Bilder, this Court has embraced a narrow line of exceptions to the general rule that the medical deduction is not available for living expenses. The prototype of this line of exceptions is Randolph v. Commissioner, 67 T.C. 481 (1976), where taxpayer was allowed to deduct the difference in cost between a normal diet and a special, medically prescribed diet. Thus, where medical facilities and supplies are purchased or rented primarily to alleviate a physicall defect or to provide relief for an ailment, but the item is one of general and ordinary use, a deduction is allowed only for the difference in cost of the special form and the normal form. *415 Similarly, medically prescribed capital improvements to one's home (e.g., swimming pool, elevator lift) are deductible only to the extent that the expenditure exceeds the increase in value of the property. Section 1.213-1(e)(1)(iii), Income Tax Regs. These exceptions thus preserve the Court's concern in Bilder that living expenses not be deducted under section 213. Petitioner has failed to meet her burden of proving an additional and incremental medical expense. Petitioner offers no evidence to indicate that her allergy condition increased the normal maintenance expense of the room. Instead, petitioner claims the full cost allocable to an office-in-the-home. Petitioner's reliance on section 213 for this deduction is a clear violation of Bilder and not within the narrow exception of Randolph, supra.A medical expense which is incidental to a living expense is not deductible in its entirety, but only if and to the extent that the medical expense exceeds the normal expense. Randolph v. Commissioner, supra; Harris v. Commissioner, 46 T.C. 672 (1966). See also Allen v. United States, an unreported District Court *416 case ( D.Kan. 1980, 46 AFTR2d 80-5402, 80-2 USTC par. 9555) (medical deduction for taxpayer's daughter's separate apartment disallowed even though doctor recommended that daughter be removed from the family home.) In order to avoid the clear mandate of Bilder, petitioner attempts to distinguish the present facts on the grounds that her claim enlists a deduction of medical expenses which are incidental to business expense, while Bilder only regulates medical expenses which are incidential to living expense. This distinction is neither valid nor relevant. Petitioner's claim clearly enlists the deduction of living expenses, including home mortgage and interest, property tax, and home repair, cleaning, landscaping and trash hauling costs. The quintessential character of these expenses is living, not business. Petitioner's argument thus amounts to a circuitous claim for an office-in-the-home deduction in contravention of her concession that section 280A prohibits such a claim. As such, petitioner's claim is without merit. In fact, section 280A was enacted for the explicit purpose of denying a claim such as petitioner's. [6] No Code provision or precedent exists *417 which varies the section 280A prohibition in cases of medical prescription. Rather, like Bilder section 280A stands for the strong Congressional policy against the deduction of living expenses. Thus, taken together, Bilder and section 280A mandate that petitioner cannot deduct living expenses, whether they be commingled with medical expense, business expense, or both. *418 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise specifically indicated.↩
2. Section 280A provides as a general rule that no deduction is allowed "with respect to he use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." ↩
3. Section 213(a) is the general provision for medical expense deduction. Section 213(e) defines "medical care"; section 213(e)(1)(A) provides that the deduction is available for amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body."↩
4. Petitioner borrowed this method of calculation from the method she previously used to compute office-in-the-home deductions.↩
5. Section 262 provides that: "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."↩
6. Senate Report No. 94-938 "Reasons for Change," provides in part: In many cases the application of the appropriate and helpful test would appear to result in treating personal living, and family expenses which are directly attributable to the home (and therefore not deductible) as ordinary and necessary business expenses, even though those expenses did not result in additional or incremental costs incurred as a result of the business use of the home. Thus, expenses otherwise considered nondeductible personal, living, and family expenses might be converted into deductible business expenses simply because, under the facts of the particular case, it was appropriate and helpful to perform some portion of the taxpayer's business in his personal residence. For example, if a university professor, who is provided an office by his employer, uses a den or some other room in his residence for the purpose of grading papers, preparing examinations or preparing classroom notes, an allocable portion of certain expenses might be claimed as a deduction even though only minor incremental expenses were incurred in order to perform these activities. (Emphasis added.) [S.Rept. No. 94-938 (1975), 1976-3 (Volume 3) C.B. 49, 185↩].