WARREN L. and GAIL I. BECHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Becher v. Commissioner
Docket No. 27534-84.
United States Tax Court
T.C. Memo 1987-214; 1987 Tax Ct. Memo LEXIS 209; 53 T.C.M. (CCH) 683; T.C.M. (RIA) 87214; April 28, 1987. Warren L. and Gail I. Becher, pro se. Timothy M. Cotter, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: The proceedings in this case were conducted pursuant to section 7456(d) (redesignated as section 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [1]
*210 Respondent determined a deficiency in petitioners' Federal income tax for 1982 in the amount of $388.00. By a supplemental adjustment respondent reduced the deficiency to $245.00. The sole issue for decision is whether petitioners are entitled to deduct certain costs relating to organic food as medical expenses under section 213. For convenience, we have combined our findings of fact and opinion. To the extent stipulated, the facts are so found. Petitioners resided in Niagara Falls, New York, when the petition was filed. Petitioners and their son, Joey, had numerous medical complaints in 1981 and 1982. Mr. Becher's complaints were psoriasis, muscle aches, facial swelling, exhaustion, headaches, bronchitis, eye irritation, sinusitis, nervousness, depression, constipation, stomachaches, halitosis, loss of memory, and foggy thinking. Mrs. Becher's complaints included hearing difficulties, inability to sleep well at night, nasal problems, head and throat congestion upon awakening, moodiness, nervousness, itchy eyes, lack of energy, stomach problems, headaches, and itchy, crawly skin sensations. Joey was 3 years old in 1981. His complaints were asthma, sensitivity to sound, *211 throat infections, hyperactivity, bronchitis, and sleeping problems. In 1981, each of the petitioners and Joey were tested for allergies by William Henry van Hoogenhuize, M.D., a physician in Canada. Mrs. Becher visited Dr. van Hoogenhuize only once in 1981. Mr. Becher and Joey Becher visited Dr. van Hoogenhuize in 1981 and 1982. Dr. van Hoogenhuize found each of the Bechers to be allergic to one or more chemicals. Dr. van Hoogenhuize recommended to petitioners that they and Joey eat organically grown food to avoid chemicals in commercial food. In September 1982, Dr. van Hoogenhuize prescribed the drug Nystatin for Mr. Becher. Prior to the trial session, this Court ordered petitioners to furnish medical reports from Dr. van Hoogenhuize as to each of the Bechers. The reports were to contain a description of the relevant medical condition, set forth the doctor's prescribed course of treatment for that condition, relate the course of treatment to this condition in a manner laymen could understand, and state what would be likely to happen if the patient were not to follow this course of treatment. Prior to the trial, petitioners filed three reports by Dr. van Hoogenhuize. These *212 reports listed the complaints made by petitioners for Joey and themselves but did not tie any of these complaints to any allergic reactions or otherwise meet the requirements of the Court's order. On their 1982 Federal income tax return, petitioners claimed as part of their expenses leading to a medical expense deduction an amount of $2,266.00 for "Organic Fd. (Cost Over Normal Food)." On an attachment to Schedule A of their return, they stated that: "Organic Food is claimed on Medical Expense - Prescribed by Dr Due to Chemical Allergies Amt Taken Was Above Cost of Normal Food-." Petitioners claim the $2,266.00 represents the excess cost of "organic" food which they purchased over what petitioners believed to be the cost of "normal" food. Petitioners utilized figures supplied by the Erie County, New York, Cooperative Extension Service Home Economics Department to determine that $3,536.40 was the amount of a grocery bill for an average family of their size during 1982. Petitioners determined that they spent $5,802.80 on food during 1982, and then subtracted the $3,536.40 figure to arrive at the rounded-off amount of $2,266.00. Respondent disallowed the $2,266.00 for organic food *213 which petitioners claimed as part of their medical expense deduction for 1982. Section 213 allows a deduction for expenses, not compensated for by insurance or otherwise, for medical care. An expenditure for "medical care" is narrowly defined as an expense incurred primarily for the prevention or alleviation of a physical or mental defect or illness, and not an expense which is merely beneficial to the general health of an individual. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. Consistent with this definition, this Court has held that where special food or beverages are consumed by a person with a medical problem as a substitute for food or beverages normally used by that person to satisfy nutritional requirements, the cost of such food or beverages is a personal expense. Harris v. Commissioner,46 T.C. 672 (1966); see Taylor v. Commissioner,T.C. Memo. 1982-114. However, the additional costs of a special diet may be deductible under special circumstances when an appropriate record is made. Randolph v. Commissioner,67 T.C. 481 (1976); Cohn v. Commissioner,38 T.C. 387 (1962). In Randolph v. Commissioner,supra, *214 this Court held that under the unusual facts of that case the additional expenses incurred by the taxpayers in restricting their diet to chemically uncontaminated organic food were deductible to the extent allowable under section 213. The Court observed in Randolph v. Commissioner,supra at 489, that the burden of proof is "not easy to meet in this type of case, where, under slightly different facts, [the taxpayers] may have merely satisfied personal, nonmedical needs." At best, petitioners have shown that they and their son had a number of medical complaints, that they were tested by Dr. van Hoogenhuize and advised that they were allergic to one or more chemicals, and that Dr. van Hoogenhuize advised them to eat organic food to avoid chemicals. Unlike the facts in Randolph v. Commissioner,supra, there is no medical evidence that any of the three members of the Becher family had a specific medical problem arising out of an allergy which could be cured only by limiting their diet to organic food. There is no medical evidence relating to the effect on the Bechers' complaints if they did not limit their diet to organic food. In fact, Mrs. *215 Becher admitted that they had to consume nonorganic food in order to have a balanced diet. We recognize that petitioners were concerned about their health and attempted to maintain as healthy a diet as possible. In this health-conscious society, it is not unusual for persons, including petitioners, to try to consume healthy foods. To the extent that in 1982 petitioners incurred any additional expense for organic foods beneficial to their general health, such personal, living expenses were nondeductible under section 262. Accordingly, we sustain repondent's determination. Decision will be entered for respondent in the amount of the reduced deficiency.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩