T.C. Memo. 1999-63


UNITED STATES TAX COURT


JOHN PAUL MASSA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12472-97.                    Filed March 4, 1999.


John Paul Massa, pro se.

James R. Robb, for respondent.


MEMORANDUM OPINION


DINAN, Special Trial Judge: This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1992 in the amount of $5,115 and an addition to tax pursuant to section 6651(a)(1) in the amount of $1,279.

The issues for decision are: (1) Whether petitioner is entitled to Schedule C trade or business expense deductions; (2) whether petitioner is entitled to a medical expense deduction for amounts claimed for his special diet; and (3) whether petitioner is liable for the section 6651(a)(1) addition to tax.[2]

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Colorado Springs, Colorado, on the date the petition was filed in this case.

Petitioner is a certified public accountant. He worked as the chief financial officer of Gates Land Company (GLC) until he retired in 1989. At that time, GLC was downsizing its workforce and petitioner was suffering from complications related to Crohn's disease. Crohn's disease is characterized by inflammation of the lower digestive tract. Petitioner has endured numerous surgeries and periods of hospitalization for his Crohn's disease. In order to meet his minimum nutritional requirements, petitioner has followed a special diet and has

---

[2] Respondent's adjustments to petitioner's taxable Social Security benefits, medical expense deduction (other than to the amounts claimed for his special diet), and miscellaneous itemized deductions are computational and will be resolved by the Court's holding on the issues in this case.

taken dietary supplements recommended by his physician and a certified nutritionist.

Petitioner conducted a bookkeeping activity during 1990 and 1991. On a Schedule C attached to his 1990 return, he reported gross income in the amount of $225 and claimed total expenses in the amount of $10,782. On a Schedule C attached to his 1991 return, he reported no gross income and claimed total expenses in the amount of $10,963. In 1991, he ended his bookkeeping activity and referred his clients to another certified public accountant.

Petitioner purchased personal care products sold by Melaleuca, Inc. during 1991 and 1992. According to his bank statements, the total amounts of his purchases in 1991 and 1992 were $344.32 and $325.28, respectively.

Petitioner traveled to Russia for 2 weeks in May 1992 to investigate certain business ventures. In preparation for these business ventures, petitioner had retained an office service and warehouse space in Colorado Springs, Colorado.

The first issue for decision is whether petitioner is entitled to Schedule C trade or business expense deductions for 1992. On a Schedule C attached to his 1992 return, petitioner reported no gross income and claimed expenses in the total amount of $20,745 with respect to a "trade" activity. In the statutory notice of deficiency, respondent disallowed any deduction for the claimed expenses.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The record contains evidence of communications which petitioner had in 1991 and 1992 concerning potential trade with individuals in the former Soviet Republics, including Russia. However, there is no evidence that any completed business transactions resulted from his communications and travel to Russia. Petitioner testified that the lack of a reliable infrastructure and instability in the Russian currency convinced him that business ventures in Russia were too risky.

Based on the record, we find that petitioner was not "carrying on a trade or business" during 1992. Rather, we find that he was investigating potential trade opportunities. We further find that the amounts paid by him during 1992 in connection with his trade activity constitute "start-up expenditures" which are only deductible over the 60-month period beginning in the month in which an active trade or business begins. Sec. 195(b)(1) and (c). We hold that petitioner is not entitled to any deductions for his Schedule C trade or business expenses for 1992 because his alleged business activity did not rise to the level of an active trade or business during 1992. Sec. 195.

The second issue for decision is whether petitioner is entitled to a medical expense deduction for amounts claimed for his special diet.

On a Schedule A attached to his 1992 return, petitioner claimed medical expenses in the total amount of $7,960. In the statutory notice of deficiency, respondent disallowed any deduction for $2,696 of the claimed expenses on the ground that petitioner did not establish that the disallowed amount meets the requirements of section 213. This disallowed amount represents the costs which petitioner claimed for his special diet.

Section 213(a) allows as a deduction the expenses paid during the taxable year, not compensated by insurance or otherwise, for the medical care of the taxpayer, to the extent that such expenses exceed 7.5 percent of adjusted gross income. The term "medical care" includes the diagnosis, cure, mitigation, treatment, or prevention of disease. Sec. 1.213-1(e)(1)(i), Income Tax Regs. Deductions for expenditures for medical care allowable under section 213 are confined strictly to expenses paid primarily for the prevention or alleviation of a physical or mental defect or illness. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. An expenditure which is merely beneficial to the general health of an individual is not an expenditure for medical care. Id.

We have held that the additional costs of obtaining medically required foods are deductible as expenditures for medical care. Randolph v. Commissioner, 67 T.C. 481 (1976); Cohn v. Commissioner, 38 T.C. 387 (1962); Von Kalb v. Commissioner, T.C. Memo. 1978-366. On the other hand, we have rejected taxpayers' claims for deductions for special foods which were

found to be merely substitutes for foods normally consumed by an individual. Harris v. Commissioner, 46 T.C. 672 (1966); Estate of Webb v. Commissioner, 30 T.C. 1202, 1213-1214 (1958); Collins v. Commissioner, T.C. Memo. 1965-233. The costs of a special diet are deductible only to the extent the taxpayer establishes that such costs exceed the costs of a normal diet. Nehus v. Commissioner, T.C. Memo. 1994-631, affd. without published opinion 108 F.3d 338 (9th Cir. 1997); Crawford v. Commissioner, T.C. Memo. 1993-192.

Based on the record, we find that petitioner has failed to establish that his special diet was other than a substitute for a normal diet. We are not convinced that his special diet, although followed for medical reasons, differed from the diet of an ordinarily health-conscious individual. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. Moreover, petitioner has failed to establish the amount by which his actual food expenditures exceeded the costs of a normal diet. Petitioner testified that he deducted 66 percent of his total food expenditures for 1992 as medical expenses, but submitted little evidence of the cost, quantity, or type of foods and supplements which he purchased during 1992. We are therefore unable to make an estimate of his excess costs. Cf. Cohan v. Commissioner, 39 F.2d 540 (2d. Cir. 1930); Von Kalb v. Commissioner, supra.

We hold that petitioner is not entitled to a medical expense deduction for the amounts claimed for his special diet.

The third issue for decision is whether petitioner is liable for the section 6651(a)(1) addition to tax.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that such failure is due to reasonable cause and not due to willful neglect. "Reasonable cause" requires the taxpayer to demonstrate that it exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Willful neglect" means a conscious, intentional failure or reckless indifference. Id. The addition to tax equals 5 percent of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Petitioner testified that he thought that he was not required to file a return for 1992 because he believed that his gross income for 1992 was less than $5,900. Section 6012 provides that an individual with a filing status of single must file an income tax return for any taxable year in which his "gross income" exceeds the sum of the section 151(d)(1) exemption amount and the section 63(c)(2) basic standard deduction for such individual. Sec. 6012(a)(1)(A)(i). The sum of these amounts for petitioner's 1992 taxable year was $5,900. However, petitioner's reported gross income for 1992 was $31,452, consisting of

interest ($794), dividends ($723), and taxable individual retirement account distributions ($29,935). Petitioner erroneously believed that his claimed Schedule C business expense deductions and his alleged net operating carryover losses from 1990 and 1991 reduced his reported gross income for 1992 below $5,900. These amounts reduce "taxable income" under section 63(a), but do not reduce "gross income" under section 61(a). See, e.g., sec. 61(a)(2); sec. 1.61-3(a), Income Tax Regs. (gross income derived from business determined "without subtraction of selling expenses, losses or other items not ordinarily used in computing costs of goods sold"). Thus, petitioner's reported gross income for 1992 exceeded the section 6012(a)(1)(A)(i) threshold for filing a return.[3]

Petitioner's return for his 1992 taxable year was due on April 15, 1993. Sec. 6072(a). Respondent received petitioner's 1992 return at his Ogden, Utah, service center on August 10, 1994. In light of the fact that he is a certified public accountant, we find that petitioner's failure to understand the basic term "gross income" does not constitute reasonable cause for not timely filing his return. Accordingly, we hold that petitioner is liable for the section 6651(a)(1) addition to tax.

---

[3] We note that petitioner's actual gross income for 1992 is greater than his reported gross income as a result of the computational adjustment to the taxable amount of his Social Security benefits under sec. 86.

To reflect the foregoing,

Decision will be entered

for respondent.