T.C. Memo. 2000-5


UNITED STATES TAX COURT


ANN POWERS, F/K/A MELANIE ANN STUDINGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7230-98.                    Filed January 6, 2000.


Ann Powers, pro se.

Kimberly J. Webb, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


ARMEN, Special Trial Judge: Respondent determined a
deficiency in petitioner's Federal income tax for the taxable
year 1996 in the amount of $3,556.

Respondent's deficiency determination is attributable solely
to the disallowance of the earned income credit claimed by

petitioner on her 1996 income tax return.  Respondent disallowed the earned income credit on the ground that petitioner did not have any earned income in 1996.[1]  Accordingly, the issue for decision is whether petitioner had earned income in 1996.  We hold that she did not.

FINDINGS OF FACT

Most of the facts have been stipulated, and they are so found.  Petitioner resided in Michigan at the time that her petition was filed with the Court.

In 1996, petitioner received payments in the form and in the amounts as follows:

| Form of Payment | Amount of Payment |
| --- | --- |
| Aid to Families with Dependent Children (AFDC) | $3,998 |
| Supplemental Security Income (SSI) | 74 |
| Social Security Disability Benefits | 5,640 |
| Gifts | 1,500 |
| Total | 11,212 |

Petitioner was not issued any Form W-2 (Wage and Tax Statement) for the taxable year 1996.  Other than the payments

---

[1]  Respondent did not determine, nor did respondent contend at trial, that petitioner is not otherwise entitled to an earned income credit.

set forth in the table above, petitioner did not receive any "income" in 1996.[2]

On or about January 27, 1997, petitioner filed an income tax return (Form 1040) for 1996. On the return, petitioner indicated her filing status as "head of household" and claimed two dependency exemptions.

On line 7 of Form 1040, petitioner reported "wages" in the amount of $11,212. This amount consisted of the AFDC and SSI payments, the Social Security disability benefits, and the gifts as set forth in the table above. Petitioner reported no other items of "income", inserting the word "NONE" on each and every line (other than line 7) of the "Income" portion of Form 1040. Specifically, on line 12 (Business income or (loss)), petitioner inserted the word "NONE".

On page 2 of Form 1040, petitioner claimed the standard deduction applicable to her indicated filing status ($5,900) and the dollar value of 3 exemptions ($7,650), thereby reporting taxable income of "-0-". Petitioner did not claim any

---

[2] Gifts are excluded from gross income, and welfare benefits such as AFDC and SSI may also be excluded therefrom. See sec. 102(a); Bailey v. Commissioner, 88 T.C. 1293, 1299-1301 (1987), acknowledging the "general welfare doctrine" of income exclusion; cf. Notice 99-3, 1999-2 I.R.B. 10.

withholding or estimated tax payments, but she did claim an earned income credit in the amount of $3,556 and requested that such amount be refunded to her as an overpayment of tax.

For 1996, the maximum allowable amount of the earned income credit was $3,556. See sec. 32(a)(1) and (b).[3]

OPINION

Petitioner bears the burden of proof in this case. See Rule 142(a); INDOPCO Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491 as effective for court proceedings arising in connection with examinations commencing after July 22, 1998.[4] In order to be entitled to an earned income credit, petitioner is therefore obliged to prove that she had earned income in 1996.

Section 32 provides for an earned income credit. In order to be entitled to an earned income credit, the taxpayer must satisfy a number of requirements. One of the requirements is that the taxpayer have earned income. See sec. 32(a)(1). Without earned income, there is no earned income credit.[5]

---

[3] All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[4] The notice of deficiency in this case was issued on Jan. 22, 1998. Accordingly, sec. 7491 has no application to this case.

[5] Sec. 32(a)(1) provides in relevant part that "there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of
(continued...)

The term "earned income" is defined to mean wages, salaries, tips, and other employee compensation, plus the amount of the taxpayer's net earnings from self-employment.  See sec. 32(c)(2)(A); see also sec. 1.32-2(c)(2), Income Tax Regs.  Earned income does not include welfare payments such as AFDC and SSI, nor does earned income include Social Security disability benefits or gifts.  See sec. 32(c)(2)(A); see also sec. 1.32-2(c)(2), Income Tax Regs.

The legislative history of section 32 provides further support for our conclusion.  Thus, the legislative history demonstrates that the earned income credit was originally created as an employment inducement and an offset to the Social Security tax for low-income taxpayers:

> Under present law an individual is not required to pay
> income tax unless his income exceeds the amount of the
> minimum standard deduction plus the sum of available
> personal exemptions.  Social security taxes, however,
> are paid on all covered earnings by workers * * * ,
> regardless of how small the amount of earnings.
> * * * it is appropriate to use the income tax system to
> offset the impact of the social security taxes on
> low-income persons * * * by adopting a refundable
> income tax credit against earned income.

*     *     *     *     *     *     *

_____

[5](...continued)
so much of the taxpayer's <u>earned income</u> for the taxable year as
does not exceed the earned income amount."  (Emphasis added.)
Despite the complexity of this language, it is apparent that if a
taxpayer has no earned income, then there is no earned income
credit.

- 6 -

however, * * * the most significant objective of the provision should be to assist in encouraging people to obtain employment, reducing the unemployment rate and reducing the welfare rolls.

S. Rept. 94-36 (1975), 1975-1 C.B. (Part II) 590, 603 to accompany the Tax Reduction Act of 1975, Pub. L. 94-12, 89 Stat. 26, sec. 204.

At trial, petitioner testified that she was physically disabled and should therefore be deemed to have earned income pursuant to a special rule that "assumes an earned income of $200 per month for one qualifying person, and an earned income of $400 per month for two or more qualifying persons."  This special rule, however, serves to ameliorate the earned income limitation on the amount of a taxpayer's "employment-related expenses" for purposes of the child care credit under section 21; this special rule does not apply in determining the amount of a taxpayer's earned income for purposes of the earned income credit under section 32.  See sec. 21(d)(2).

Petitioner also testified at trial that she is an inventor, implying that her power or ability to invent is a trade or business.  However, petitioner did not allege, much less prove, that she had net earnings from any such trade or business.

Finally, petitioner testified at trial that she received "under $400 miscellaneous income" from "my sister and a friend of mine", apparently for doing "legal correspondence and a lot of

correspondence".  Petitioner's contention is belied, however, by:
(1) The insertion of the word "NONE" on line 12 (Business income
or (loss)) of Form 1040; (2) the parties' stipulation that
petitioner received no "income" in 1996 other than AFDC and SSI
payments, Social Security disability benefits, and gifts; and (3)
the absence of any documentary or third party testimony.  See
Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992); Wichita
Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946),
affd. 162 F.2d 513 (10th Cir. 1947).  Regardless, the record does
not reveal whether the "under $400" amount represents gross
receipts or, as is required for purposes of the earned income
credit, net earnings.

Conclusion

In view of the foregoing, we hold that petitioner did not
have any earned income in 1996 and is therefore not entitled to
an earned income credit for that year.

To reflect our disposition of the disputed issue,

Decision will be entered

for respondent.